## DAVIS vs. DICKEY.

1. Plaintiff sued on a note under twenty dollars, which had been given for a clock sold by him to defendant and warranted to keep good time; the clock was shown to be worthless as a time-piece, but the case alone, without the works, was worth more than a nominal sum: *Held*, that defendant might have rescinded the contract, or might claim an abatement on the note to the amount of the damage which he had sustained; but having failed to rescind, and having kept the clock, judgment must go against him for what it was actually worth.

ERROR to the Circuit Court of Benton.

'Tried before the Hon. GEO. D. SHORTRIDGE.

APPEAL from a justice, on a note for thirteen dollars made by Dickey, dated 25th November, 1848 and payable to Davis on the 25th November, 1849. The case, being under twenty dollars, was tried by the court, and the record shows that, after the introduction of the note, the defendant proved it was given for a clock, and then introduced a writing of which the following is a copy : " This is to certify that the clock is to keep good time, and if it does not, I am to make it do so, either by repairs or exchange of clocks. 25th November, 1848. (Signed) D. B. DAVIS" : and proved that the writing was executed by the plaintiff at the same time with the note, and referred to the clock which was the consideration of the note. He also proved that the clock did not keep time but for a very short period after it was put up ; of which fact the plaintiff on being notified took out the works and put others in their place, after which the clock did not run more than twenty minutes. The witness who proved these facts also proved, that the clock for keeping time was entirely worthless, and that the defendant purchased it to keep time, On the part of the plaintiff it was proved, that the case of the clock, without the works, was worth more than a nominal value ; and this being all the evidence which enters into the opinion of the court, the court gave judgment for the defendant, which judgment is here assigned for error.

A. J. WALKER, for plaintiff in error.

No counsel appeared for defendant in error.

GOLDTHWAITE, J.—The agreement on the part of the plaintiff in error was, in legal effect, that if the clock, which formed the consideration of the note sued on, did not keep time, he would make it do so, either by repairing it, or giving another clock in exchange. Had Davis failed to comply with the agreement, it would have authorized Dickey to rescind, by pursuing the proper course, (McNair v. Cowper, 4 Ala.,) or, as the case was under twenty dollars and tried upon its equity, he might have claimed an abatement upon the note to the extent of the damage he had sustained by the failure of the other party to do what he had agreed to do. From the nature of the agreement, the utmost damage which Dickey could have sustained from the failure of the other party, was the difference between the value of the clock had it kept time, and its actual value.— To entitle the defendant to a verdict, he should have shown that he had taken the necessary steps to rescind the contract, or that the clock after the repairs were made was valueless. If it was worth anything, he could not keep it and pay nothing. The evidence, however, shows, that although the clock was of no value as a time-piece, it was worth more than a nominal amount, and there is no evidence tending to prove that the defendant had done any thing to rescind the contract. Upon this evidence, the farthest that the court could have gone, was, to give judgment against the defendant for the amount which the clock was actually worth, and there was error in rendering judgment in his favor.

The judgment must be reversed, and the cause remanded.