DUNN, Plaintiff in Error, v. WADE, Defendant in Error.

1. Accommodation endorsers of a promissory note may, as between themselves, be co-securities, and where, in such a case, one of such endorsers pays the whole amount of the note, he will be entitled to contribution from the other, whatever may be the order of the enndorsements.

*Error to St. Louis Circuit Court.*

*Knox & Kellogg*, for plaintiff in error.
*Comfort & Manter*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The amended petition of the plaintiff alleges that David Runnion made his certain promissory note, dated May 23d,

1854, and thereby promised, ninety days after date, to pay to the order of John Dunn (the plaintiff) twenty-five hundred dollars, negotiable at the bank of the state of Missouri, without defalcation or discount; that said note was endorsed by the said John Dunn and William Wade, as co-securities; and that said note was an accommodation note, endorsed as aforesaid for the accommodation of the said David Runnion, who procured said endorsement solely for the purpose of getting said note discounted; all of which was well known to both said Dunn and said Wade, when they endorsed said note. The petition alleges Runnion's insolvency some weeks before the maturity of the note, and that this insolvency was known to both Dunn and Wade co-securities as aforesaid, some weeks before the maturity of the said note. Plaintiff states that he paid the amount of said note at its maturity, being twenty-five hundred dollars. He further states that said note was paid as aforesaid at the request of said William Wade. He asks judgment for $1250, the half of said note, paid by said Dunn as co security for said Wade as aforesaid, with interest.

To this petition the defendant demurred, because the said amended petition does not state facts sufficient to constitute a cause of action; and states the following as a cause of demurrer: The said amended petition shows that the defendant was the last endorser upon a negotiable promissory note, previously endorsed and since paid by the defendant, and does not allege any agreement or contract between plaintiff and defendant changing defendant's liability *prima facie* as such last endorser. There is no agreement alleged to have been made between plaintiff and defendant that they should become co-securities of said David Runnion upon the note mentioned in the plaintiff's amended petition.

The court sustained this demurrer, and rendered judgment thereon for the defendant. The plaintiff brings the case here by writ of error.

There is nothing in the law prohibiting two persons from becoming co-securities for another on a negotiable promissory

note, so far as it regards or concerns themselves ; and when such persons have become co-securities for a third person, it matters not whose name is first or last endorsed. Here, the plaintiff avers that he and Wade did become co-securities for Runnion on this note ; that it was merely to enable Runnion to get the note discounted that they became his co-securities ; that Runnion became insolvent before the maturity of the note, and that he, as one of the co-securities, paid the note when it matured ; and that he paid it at the request of his co-security, Wade. There was no necessity to state the evidence of the fact of such co-securityship in the petition, and the defendant should have denied it and required proof, if such was not the fact. The Circuit Court, therefore, erred in sustaining the defendant's demurrer. Its judgment must be reversed, and the cause remanded, with the concurrence of the other judges.