## JEMISON *vs.* WOODRUFF & BEACH.

[ACTION AGAINST PURCHASER FOR PRICE OF MACHINERY SOLD AND DELIVERED.]

1. *When contract of sale is complete.*—Upon the delivery to the purchaser of an article manufactured for him, and its acceptance by him, (if not sooner,) the contract of sale is complete, and the title to the article vests in the purchaser.
2. *Rescission of contract by purchaser.*—After a contract of sale is complete, and the title to the article sold has vested in the purchaser, he cannot rescind or annul the contract, on account of the vendor's breach of warranty or fraudulent misrepresentations as to the quality of the article, without placing or offering to place the vendor *in statu quo.*
3. *How far fraud and breach of warranty constitute defense to action for purchase-money.*—In an action against the purchaser, to recover the price agreed to be paid for an article sold and delivered to him, he cannot, while he retains the article, and has not offered to rescind the contract, avoid the payment of the entire purchase-money, on the ground of fraud or breach of warranty, unless the article is altogether valueless.

APPEAL from the Circuit Court of Tuskaloosa. Tried before the Hon. E. W. PETTUS.

THIS action was brought by Woodruff & Beach, as partners, against Robert Jemison, jr., to recover the price agreed to be paid for two steam-engines manufactured by the plaintiffs, under a contract with the defendant, and delivered to him. The complaint contained all the common counts, and a count on a bill of exchange; the bill having been given by the defendant, on the delivery of the engines, in part payment of the price of the engines. The defendant pleaded *non assumpsit*, payment, and, as to the bill of exchange, failure of consideration. On the trial, as appears from the bill of exceptions, the plaintiff proved the contract under which the engines were manufactured for the defendant, their delivery to, and acceptance by him; that he paid a part of the purchase-money soon after the delivery, and gave the bill of exchange sued on for the residue; and that he had frequently promised to pay the amount due on the bill, after making certain deductions which he claimed on account of defects in some of the machinery. The plaintiffs lived in Hartford, Connecticut. The contract for the manufacture of the steam-engines was made with the defendant through Messrs. Leach & Avery, who acted as plaintiffs' agents at Tuskaloosa; and the engines were to be delivered to the defendant at that place, to be used in his steam saw-mill. "It was a part of the original understanding of the parties, that if any part of either of the engines proved defective, it was to be supplied by plaintiffs." It was proved, on the part of the defendant, that the engines did not correspond in all respects with the stipulations of the contract; that he pointed out the defects to Messrs. Leach & Avery when the engines were received, and was assured by them that said defects did not affect the quality or working capacity of the engines; that the cylinder of one of the engines failed within a few days after it had been put up, and was thereupon sent back to the plaintiffs, in order that a new one might be made; that the plaintiffs, up to the time of the trial, had failed to make a new cylinder for

him ; and that the engine to which this cylinder belonged, in the opinion of defendant's witness, "was of no use to him, but rather an expense—that, without a new cylinder, it was of no more value than so much old iron ; but, with a new cylinder, would be a good and suitable engine." The defendant retained the possession of the engines, and it was not shown that he had ever offered to return them to the plaintiffs.

"The defendant insisted, by his counsel, that the plaintiffs' contract to make and deliver the two engines, was an entire contract, and bound them to deliver both engines well made, and suitable and fit for use, before the defendant was liable and bound to pay for them in the manner stipulated in the contract; and that if the jury believed from the evidence that they were not both so made and delivered before the commencement of the suit, the plaintiffs ought not, in this action, to recover for either engine; and asked the court so to instruct the jury ; but the court refused so to instruct the jury, and the defendant excepted."

"The defendant then insisted, that if said contract, under the evidence in the cause, might be considered as a divisible, and not as an entire contract ; then, if the jury believed from the evidence that one of said engines, at the time of delivery, was defectively made, and, by reason of such defective making, was not fit for use, and so remained until the time when this suit was brought, the plaintiffs ought not to recover any part of the price of said engine in this action ; and asked the court so to instruct the jury ; which charge the court refused to give, and the defendant excepted."

The refusal of the charges asked is the only matter now assigned as error.

E. W. PECK, for the appellant.

J. H. FITTS, *contra.*

A. J. WALKER, C. J.—The appellant contracted with the appellees for the manufacture of two steam-engines, to be delivered to him in the city of Tuskaloosa. They

were delivered, and accepted and put in operation by the appellant, who paid a part of the purchase-money, and gave a bill of exchange for a part. It is sought by this suit to recover the unpaid purchase-money. Certainly, upon the delivery to the appellant, and acceptance by him, (if not sooner,) the sale was complete, and the title to the engines vested in the purchaser.—Chitty on Con. 336; Addison on Contracts, 222, 243; White v. Adkins, 18 Ala. 636.

The want of correspondence of the purchased articles with a warranty, express or implied, and the fraudulent misrepresentation of the qualities of the articles, would not prevent the title from vesting in the purchaser by virtue of the contract of purchase, the delivery, the acceptance, and the payment and security of the purchase-money. The sale of the engines being complete, the purchaser could not, without the consent of the seller, annul or rescind the contract, unless he placed, or offered to place the seller in *statu quo*. To the rescission of the contract, a return or offer to return the property was necessary.—Pharr v. Bachelor, 3 Ala. 237; Borum v. Garland, 9 Ala. 452; Barnett v. Stanton, 2 Ala. 181; Dill v. Camp, 22 Ala. 249; S. C., 27 Ala. 553; Addison on Contracts, 273. There was, in this case, no return, or offer to return the defective engine. There was, therefore, no rescission, and no legal right to treat the contract as rescinded or annulled.

Unless there was a rescission of the sale, or unless the article purchased was valueless, the purchaser could not resist the payment of the entire purchase-money of the defective article. His defense, while he retains the article purchased, extends only to an abatement of the price agreed to be paid. To entitle the purchaser to avoid the payment of the purchase-money entirely, upon the ground of fraud or breach of warranty, when he holds on to the property, it is not sufficient that it is valueless for the particular purpose for which it was bought—it must be intrinsically of no value.—Davis v. Dickey, 23 Ala. 848; Burton v. Stewart, 3 Wendell, 236; see, also, the authorities cited above; Addison on Contracts, 273.

The charges asked would have allowed a defense as to the entire purchase-money of an article, the sale of which was complete and unrescinded, notwithstanding the article was of value, and was retained by the purchaser. In the refusal of those charges there was no error.

The judgment of the court below is affirmed.