# Rice v. Gilbreath.

## Action on Promissory Notes.

1. *Misrepresentation by vendor of chattels; when authorizes rescission of sale.*—A misrepresentation by a vendor of chattels of a material fact, made at the time or pending the negotiations for sale, and on which the purchaser has a right to rely, and does, in fact, rely, and which was a material, even though not the exclusive, inducement without which he would not have made the contract, and which results in injury to the buyer, will authorize a rescission of the sale, and furnish a ground of defense to an action for the purchase money.

2. *Fraud and damages must concur; when plea must show injury.* In an action for the purchase price of chattels sold, to sustain a defense based upon the misrepresentations of the vendor, fraud and damages must concur, and neither, unaccompanied by the other, is sufficient; and unless the representation is such that the law will infer injury to the purchaser from its falsity, such injury must be averred in the plea.

3. *Representations of salable quality of patent churn; when material.*—On a sale of the right to vend a patented churn, representations by the vendor relating to the number of churns

[Rice v. Gilbreath.]

that had been sold, and profits made, by certain named persons within a specified time, and the aggregate number sold within a designated territory, made for the purpose of inducing the belief that the churn would meet with a ready sale, are material and well calculated to induce such belief; but the nature of these misrepresentations is not such that injury would necessarily result from their falsity, and a plea failing to aver injury therefrom is not good.

4. *Offer to rescind; return of thing sold.*—As a general principle, a contract of sale, unless the parties consent, cannot be rescinded, if the thing sold is of any intrinsic value, without the offer to return it; but where the thing sold is the mere authority, by parol contract, to vend a patented churn within designated territory, a rescission of itself would operate to restore all that was received, placing the parties in *statu quo*, and a plea averring merely that the purchaser offered to rescind before suit brought is not objectionable because it does not aver that he offered to return what he received on the sale.

5. *Representations as to quality of patented article.*—A representation made by the owner of patented churn to one to whom he is endeavoring to sell the right to vend the churn, to the effect "that a certain part of the churn, called the strainer, would separate the butter from the milk—that it would allow the milk to flow out of the churn, and would retain the butter in the churn"—may be relied on by the purchaser, and is not open to the objection that it is an expression of opinion or judgment as to a matter equally open to the observation of both parties.

6. *Sufficiency of plea setting up a contemporaneous agreement.*—In an action on a promissory note, payable unconditionally, a plea setting up a contemporaneous agreement, not shown to be in writing, to the effect that the notes were payable upon certain conditions, is demurrable, as seeking to vary the terms of the writing by parol.

APPEAL from Marshall Circuit Court.
Tried before Hon. J. A. BILBRO.
The case is stated in the opinion.

O. D. STREET, for appellants, cited, *Sledge v. Scott,* 56 Ala. 202; 5 Am. and Eng. Ency. Law, 335; *Pearce v. Wilson,* 34 Ala. 595; *Crosland v. Hall,* 33 N. J Eq. 111; *McAleer v. Horsey,* 35 Md. 439; Cooley on Torts, p. 496; 1 Chitty on Plead. p. 395; 2 Sedg. on Dam. (7 Ed.) pp. 606-7; *Taber v. Peters,* 74 Ala. 90; *Teague v. Erwin,* 127 Mass. 217; *Wilcox v. Henderson,* 64 Ala. 535; *Burnett*

[Rice v. Gilbreath.]

*v. Pollard,* 2 Ala. 181; *Moses v. Katzenberger,* 84 Ala. 95; *Henry v. Allen,* 93 Ala. 197; *Vandegrift v. Abbott,* 87 Ala. 409; *Maness v. Henry,* 96 Ala. 445, 459.

LUSK & BELL, *contra,* cited, 2 Brick. Dig. p. 13, §5; 3 Brick. Dig. p. 736, §81; *Bain v. Withey,* 107 Ala. 223; 3 Am. and Eng. Ency. 832-n; 18 Am. and Eng. Ency. 140.

BRICKELL, C. J.—This was an action to recover upon three promissory notes given by appellants to appellees for the purchase price of the right to sell a patent churn within a specified territory. The defense set up by several special pleas, the sustaining of demurrers to which constitutes the only assignments of error, was that the contract of purchase had been induced by fraud consisting of various false representations made by the seller and relied on by the purchaser, which, it is claimed, authorized the latter to rescind the contract. A misrepresentation by a vendor of chattels of a material fact, made at the time of or pending the negotiations for the sale, and on which the purchaser has a right to rely, and does in fact rely, and which was a material, even though not the exclusive, inducement without which he would not have made the contract, will authorize a rescission of the sale and furnish a ground of defense to an action for the purchase money. To constitute this a good defense, however, not only must the representation be of a fact material to the subject matter of the contract, but it must also have resulted in injury to the buyer. Fraud and damage must concur, and neither unaccompanied by the other, is a ground of defense.— *Sledge v. Scott,* 56 Ala. 202. To entitle the purchaser to avoid entirely the payment of the purchase money he must have returned, or offered to return, the article purchased, unless it was intrinsically valueless, and without such return, or offer to return refused by the seller, there can be no rescission of the contract in the absence of the seller's consent to rescind.— *Jemison v. Woodruff,* 34 Ala. 143; *Davis v. Dickey,* 23 Ala. 848. The misrepresentation averred in the second, third and fourth pleas related to the number of churns that had been sold, and profits made, by certain named persons within a specified time, and the aggregate number sold within a designated territory. Inasmuch as the

subject matter of the sale was not the churn, but the right to vend the churn within a specified territory, these representations were material, relating, as they did, to the salability of the article, and undoubtedly made for the purpose of inducing the belief that the churn would meet with a ready sale, and well adapted to induce such belief. But the nature of these representations was not such that injury would necessarily result to the buyer from their falsity, and there is no averment in either of the pleas showing or tending to show that any injury did result therefrom. The thing purchased, the right to vend the churn, may have been as valuable and profitable to the purchaser, and, indeed, more so, notwithstanding the churn had been sold by any person within the territory specified. In the absence of any damage resulting to the purchaser from the representation, its falsity did not, as we have seen, constitute any defense to the action. When the false representation of a vendor of chattels is relied on as a defense to an action for the purchase money, unless its nature is such that the law will infer injury to the purchaser from its falsity, such injury must be averred in the plea. The second, third and fourth pleas were objectionable for a failure to aver in what manner defendant was damaged by the misrepresentations averred.

The averment of the pleas is, that within a reasonable time after the discovery of the fraud, "the defendants offered to rescind the contract and that plaintiffs refused to do so, and that this was before the commencement of suit." It is true as a general principle, that a contract of sale, unless the parties consent, cannot be rescinded, if the thing sold is of any intrinsic value, without the offer to return it. The thing sold was the mere authority or right to vend the churn in the designated territory. There was no assignment of the patent, so far as appears from the pleas, nor any written evidence of authority or right given to the defendant; his right originated, was derived from and dependent on the contract. The rescission would have operated the revocation and destruction of the right and authority. There was of consequence no thing which the defendant had to return, and the pleas are not objctionable because they do not aver that the defendant offered to return what they had received on the sale—a rescission

[Rice v. Gilbreath.]

of itself would have operated a restoration of all they had received, placing the parties *in statu quo.*

The misrepresentation averred in the fifth plea is, that the agent of the plaintiffs "with knowledge of its falsity, represented to them that a certain part of the churn called the strainer would separate the butter from the milk without handling,—that it would allow the milk to flow out of the churn and would retain the butter in the churn." We are of the opinion that such a representation made by the owner of a patent right to one to whom he is endeavoring to sell the right to vend the patented article, may be relied on by the purchaser, and is not open to the objection that it is an expression of opinion or judgment as to a matter equally open to the observation of both parties. The falsity of the representation, it may be, is not averred with that directness required by the rules of pleading in averments imputing fraud, but is left to be inferred from the use of the words "with knowledge of its falsity." The facts constituting fraud, when relied on as a cause of action, or in defense thereto, must be directly and positively charged, and cannot be allowed to rest in inference only. This generality of averment is not, however, an objection specified in the demurrer, and does not cure the error of sustaining it.

The sixth plea avers that at the time the notes sued on were given, a contemporaneous agreement was made by the provisions of which defendants were not to be required to pay said notes unless their profits arising from the sale of the churn within the specified territory, after making an effort in good faith to earn enough thereby to pay the same, were sufficient for this purpose; that they did make such effort in good faith, and that, notwithstanding such effort, they lost money. It is scarcely necessary to say that the demurrer to the plea, because it sought to vary the legal effect of the promissory notes on which the suit is founded, payable absolutely and unconditionally, at times appointed, by evidence of a contemporaneous parol agreement, was properly sustained. Construing the plea most strongly against the pleader, the intendment must be, that the agreement rested in parol, for if it had been in writing, the pleader would have so averred.

For the errors pointed out, the judgment must be reversed and the cause remanded.