JOHN J. WILLIAMS ET AL. *v.* SAMUEL A. NEVILLE ET AL.

[53 South. 594.]

CORPORATIONS. *Insolvency. Stockholders. Actions. Director's liability. Fraud. Ultra vires acts. Pleading.*

The assets of an insolvent corporation are appropriable preferentially to the payment of its debts, other than its obligations to its stockholders as such; wherefore, a bill in equity by the stockholders of a corporation, adjudged to be insolvent and a bankrupt, against its directors to recover for *ultra vires* and fraudulent acts, is demurrable if it fail to show that the company's, assets, including the liability sought to be enforced, are more than sufficient to pay all of its other creditors.

FROM the chancery court of Lauderdale county.

HON. SAMUEL WHITMAN, Chancellor.

Williams and another, appellants, were complainants in the court below. Neville and another, appellees, were defendants there. From a decree in defendant's favor the complainants appealed to the supreme court. The facts of the case as stated by ANDERSON, J., were these:

"This is a bill by the appellants, stockholders in the Myer-Neville Hardware Company, a mercantile corporation under the laws of this state, against S. A. Neville, C. K. Myer, C. W. Shamber, G. M. Neville, and H. G. Myer, appellees, directors of said corporation, seeking to hold such directors personally liable for the par value of the stock of appellants, with interest thereon, on account of the *ultra vires* acts of said directors in the management of the affairs of the corporation. The appellees interposed a demurrer to the bill, which was sustained by the court below; and, appellants declining to amend, a decree was entered dismissing the bill, from which decree this appeal is prosecuted.

The bill charges substantially these facts: That the Myer-Nevill Hardware Company is insolvent, and has

been adjudicated a bankrupt by the United States bankrupt court, in which its affairs are being administered. That the directors of said corporation illegally and fraudulently conducted the affairs of the concern in this: That, contrary to law, they contracted debts in excess of the corporate stock; that, contrary to its corporate powers, they invested its capital stock in "real estate, sawmills, timber lands, ladder company stock, furniture company stock, buildings," and other property; that S. A. Neville, one of the directors, and president and treasurer, was permitted by the directors to appropriate the funds of the corporation for his own private use. That by such mismanagement on the part of the directors, and its said president and treasurer, the corporation was wrecked and became insolvent. The bill is filed on behalf of the appellants and any other stockholders who desire to join therein. There is no allegation in the bill to the effect that, if the directors are held liable for their *ultra vires* and fraudulent acts in the management of the concern, there will be more than enough to pay the creditors. The prayer of the bill is that a decree be rendered in favor of the appellants against the appellees, the directors, for the par value of their stock and six per cent interest thereon from the time the stock was acquired."

*F. V. Brahan,* for appellants.

"Directors and officers of a banking institution, whether a savings bank or ordinary bank of deposit, in the management of the bank's affairs, occupy a fiduciary relation to stockholders, depositors, and general creditors, and in court of equity they must answer as trustees to the *cestui que trust.*"

The managing officers of a corporation do not act for themselves alone, but they act principally for others. The property they handle does not belong to them. They have under their dominion the property of other per-

sons, which has been intrusted to them for safe keeping and prudent handling. They cannot do what they please with it, but can only use it in certain ways. Managing officers must be honest, and held out to the public as men possessing skill, vigilance, and integrity. To the man possessing these qualities people intrust their property to be preserved, used and returned. Story's Equity Jur., 6th Ed., sec. 964; 28 Am. and Eng. Ency. of Law (2nd Ed.) 858; Pom. Eq. Jur.; sec. 1088; Cook on Corporations (5th Ed. 1903), sec. 648; *Boston* v. *Allen,* 168 N. Y. 157 (1901), 120 Fed. 440, 94 N. W. 171; *Wolffe* v. *Simmons,* 75 Miss. 539; *Millsaps* v. *Chapman,* 76 Miss. 942; *Martin* v. *Webb,* 110 U. S. 7, 28 L. Ed. 49, 52.

As to the general law by which the liability of directors of corporations to depositors, stockholders, and general creditors is measured, see *United Society of Shakers* v. *Underwood,* 0 Bush. (Ky.) 614, 615, 12 N. E. 676, (Ills. 1887) 25th Ala. 566, 19 Utah 318, 80 N. W. 712, (Mich.) 24 S. E. 478, Ib. 481, Ib. 482, (N. C.) 48 Atl. 620, (Mo.) 82 N. Y. 74, 2 L. R. A. 534, 538, 82 N. Y. 65, 62 N. W. 748; *Bosworth* v. *Allen* (N. Y.), 55 L. R. A. 751, and extended note. Thompson on Corporations, vol. 3, §§ 4009, 4023, 4051, 4090, 4091, 4102, 4113, 4302.

*Neville & Stone,* for appellees.

The principal propositions of law presented by appellees' demurrer to appellants' are bill as follows:

1. That the stockholders cannot sue in their own names the directors of a corporation in a suit of this nature, except in cases where demand has been made upon the corporation to bring the suit, and the corporation has refused to do so, and in case the corporation refuses to sue, and the stockholders sue in their own names, the corporation must be made a party defendant; but where the corporation has been adjudicated a bankrupt, demand must be first made by the stockholders on the trustee in bankruptcy to bring the suit, and in

case he refuses to do so the trustees must be made a party defendant.

2. That the complaining stockholders must allege and prove that they owned their stock at the time the acts complained of occurred.

3. That the complaining stockholders must allege that the relief prayed for will be benefit to them.

The three propositions stated above are so elementary and so well recognized, that we deem it a useless waste of this court's valuable time to enter into a general discussion of them. For the convenience of the court we will simply cite the authorities which sustain our contention.

As to the first proposition stated, we refer the court to Cook on Corporations, vol. 2 (5th Ed.), §§ 644, 645, 646, and 701, and the authorities cited in the footnotes.

*Haws* v. *Waterworks Company,* 26 Lawyers Edition, United States Reports, 827, and authorities collated in Rose's Notes to said case.

We call the court's special attention to Cook on Corporations, § 701.

In support of the second proposition we cite the case of *Robinson* v. *West Virginia Loan Co.,* 90 Fed. Rep. 772.

And in support of the third proposition we cite the court to Cook on Corporations (5th Ed.), p. 1883.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The appellants fail to state a case in their bill. Stockholders of an insolvent corporation, in order to maintain a bill against the directors for their *ultra vires* and fraudulent acts, must allege and prove a state of facts which will entitle them to a decree. They must show an interest in the result. In 3 Cook on Corporations (5th Ed.), p. 1883, the principle involved here is stated in this language: ''Another principle of law in

this connection. is that, where the corporation is insolvent, a stockholder cannot maintain a suit to hold the directors liable for fraud, unless he alleges that the relief asked for will be of some benefit to him; in other words, that there will be a surplus for the stockholders after the creditors are paid." The assets of a corporation go first to the creditors, and the remainder, if any, to the stockholders. The bill fails to state facts which, if proven, would entitle appellants to a decree—facts which show there would be anything left after paying creditors.                                        *Affirmed.*