SPIRO *v.* SHAPLEIGH HARDWARE CO.[*]

(Division A. Oct. 1, 1928. Suggestion of Error Overruled Nov. 12, 1928.)

[118 So. 429. No. 27049.]

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 1287, p. 980, n. 12; Limitations of Actions, 37CJ, section 331, p. 958, n. 79; Appeal and Error, 3CJ, section 1433, p. 1304, n. 77.

*Victor W. Gilbert* and *Jacobson & Brooks,* for appellant.

*George B. Neville,* for appellee.

McGowen, J. From a judgment on a note for ten thousand dollars in favor of Shapleigh Hardware Company, Jonas Spiro appeals here. The court gave a peremptory instruction on the issue raised by appellant by his plea of recoupment. The case was submitted to the jury on the plea of six years' statute of limitations as to whether demand had been made by appellee more than six years before suit filed. On this issue, the verdict of the jury was for the appellee, and judgment of the court was entered accordingly against Spiro for the amount of his note and interest.

This is the second appearance of this case in this court, the former appeal being reported in *Shapleigh Hardware Co.* v. *Spiro*, 141 Miss. 38, 106 So. 209, 44 A. L. R. 393.

The note sued on is set forth in the former report, together with other facts not necessary to be restated here. Besides the question of the statute of limitations again raised on this appeal, it is now urged that the court erred

in not submitting for the defendant, Jonas Spiro, the question of recoupment set up by the pleadings and proof. The essential facts of the recoupment are as follows: That the note for ten thousand dollars executed by the defendant, Jonas Spiro, in favor of the Shapleigh Hardware Company, dated March 27, 1914, was given for money advanced by said Shapleigh Hardware Company to purchase stock in the Spiro Hardware Company, a majority of which was held by one Simon Spiro, and to put said Jonas Spiro, Beasley, and Gilbert, in control of the Spiro Hardware Company; this being suggested by the Shapleigh Hardware Company, who advanced the money therefor, taking the stock, and certain insurance policies, as collateral for said loan. That said Shapleigh Hardware Company afterwards demanded that Jonas Spiro cease to draw a salary, and he, thereupon, retired from business and removed from Birmingham, Alabama, to Meridian, Mississippi. Thereafter, in March, 1927, the Spiro Hardware Company being largely indebted to the Shapleigh Hardware Company and unable to make settlement when called upon to do so, upon demand of the Shapleigh Hardware Company, executed an assignment of the stock of goods and assets of the Spiro Hardware Company, which assignment was executed by the president and secretary without any meeting of the stockholders; the assets amounting to something like forty thousand dollars. That one Stevens was named as assignee, and this assignee was merely the tool of his employer, Shapleigh Hardware Company. That he became sick, and one Reed, also an employee of Shapleigh Hardware Company, by virtue of "power of attorney" from Stevens, continued in charge of the business. That Shapleigh Hardware Company procured this assignment for the purpose of dissipating the assets of the Spiro Hardware Company, and, finally, in August, 1917, sold the entire stock in a lump sum, although the assignment stipulated that the stock of goods was to be sold in due

course of business. Spiro alleged in the plea of recoupment that there were enough assets to pay all indebtedness of the Spiro Hardware Company and also the note sued on.

The proof tended to show, by witnesses estimating the value of the stock of goods, that in January, 1917, before the execution of the assignment in March, 1917, the assets of the Spiro Hardware Company were estimated to be worth thirty-eight thousand or forty thousand dollars. The value of the assets was controverted by appellee's evidence. The testimony further showed that the Shapleigh Hardware Company only received on its indebtedness about sixty-four and one-fourth per cent. thereof.

Two propositions are submitted to this court on this appeal:

First, even though demand was necessary, in order to set in operation the statute of limitations, yet, if no demand is made within a reasonable time, that the courts will apply the period for the running of the statute of limitations as a "reasonable time," and demand not being made within such reasonable time, the suit cannot be maintained, and, for that reason, the note was barred; and

Second, that the question of whether or not the assets of the Spiro Hardware Company had been unlawfully converted and dissipated by the Shapleigh Hardware Company, and that there were sufficient assets to have paid all debts of the corporation, and this ten thousand dollar debt of Jonas Spiro should have been submitted to the jury on conflicting evidence as to the value of the assets of the Spiro Hardware Company.

On the plea of the statute of limitations, section 2635, Hemingway's 1927 Code, section 2461, Hemingway's 1917 Code, section 3097, Code of 1906, the statute invoked here, reads as follows:

*"Actions to be brought in six years.*—All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.''

Waiving all questions of pleading, this precise question was settled by the former decision in *Shapleigh Hardware Co.* v. *Spiro,* 141 Miss. 38, 106 So. 209, 44 A. L. R. 393, in which this court held that, in order to accrue and mature this cause of action, demand was required, and to set the statute in motion the note must be matured by demand. Judge ANDERSON, as the organ of the court, there said:

''Viewing the contract as a whole, we are of opinion that the terms, 'on demand after date,' 'from date,' 'from maturity,' and 'semiannually,' were used advisedly by the parties, and that they intended thereby to convey the meaning that it was necessary, in order to mature the note, that actual demand be made by the payee; and, until that was done, that the note should bear interest at the rate of six per cent per annum, payable semiannually, and that after actual demand, or maturity, it should bear interest at the same rate, payable annually. This construction makes the instrument mean what it says.''

This construction placed upon this note by this court forecloses any debate or analysis of decisions, which counsel for appellant here urges upon this court. It is true, counsel cites some authorities which would seem to hold to the doctrine that demand not having been made within a reasonable time, which is held to be the period fixed by the statute of limitations, the action could not thereafter be maintained; but the weight of authority is not in line with that view.

A cause of action does not accrue on a note until it matures, and this court has already held that, in order to mature this note, actual demand must be made.

Counsel for appellant sought to prove that actual demand was made more than six years next before the bringing of the suit, but he concedes that the question was submitted to the jury and determined against him.

The parties to the contract had the right to execute this character of note, and there is no good reason, either in law or otherwise, why the contract should not be binding on them. No actual demand was made until just about the time of bringing this action. Therefore there was no accrual of the cause of action until demand was made, and the court correctly gave a peremptory instruction on this question.

Second. As to the recoupment, there is no evidence in this case by which the jury could determine what the indebtedness of the Spiro Hardware Company was, nor was there any proof as to the total collections made by the assignee. Even if it be conceded that the Shapleigh Hardware Company could be held in an action at law for the dissipation and unlawful conversion of the assets of the Spiro Hardware Company, there is no showing here as to what the indebtedness of the Spiro Hardware Company was; neither is there any showing as to what was the total paid out on the indebtedness. It was necessary for Spiro, who was undertaking to recoup against an individual debt this claim of unlawful conversion, to show that all the debts of the corporation should have been paid, and likewise all of his debt.

In the case of *Williams* v. *Neville*, 98 Miss. 268, 53 So. 594, this court said:

"The assets of a corporation go first to the creditors, and the remainder, if any, to the stockholders."

There is no effort, as we view the record, to render any intelligent statement as to the indebtedness of the Spiro corporation. In other words, it was incumbent upon Spiro, suing as a stockholder, in order to maintain his plea, to show that the collateral was worth something. If the assets of Spiro Hardware Company did not actually

exceed the liabilities of the corporation, then the stock held as collateral by the Shapleigh Hardware Company was worthless. It was incumbent on him, under this plea of recoupment, to show that there would be a surplus, creating a value in the stock, before this plea of recoupment would be efficient to have the jury pass upon the question of whether or not there was any harmful conversion thereof.

*Affirmed.*