148 So. 864

**MALLORY et al. v. DAIRY PRODUCTS CO.**

**7 Div. 984.**

Court of Appeals of Alabama.

April 4, 1933.

Rehearing Denied May 9, 1933.

Young & Longshore, of Anniston, for appellants.

H. H. Evans, of Anniston, for appellee.

SAMFORD, Judge.

The suit is based upon seven promissory notes on which plaintiff seeks to hold defendants as indorsers. Two of the notes were indorsed under a printed waiver on the back of the note, which in effect binds the indorsers as principals. As to these two notes there can be no question of plaintiffs' right to recover and as to these notes we need not consider them further, except as they may be affected by rulings regarding the other five notes around which all of the insistences of error center.

The five notes above alluded to, except as to due dates are as follows:

"$100.00       Atlanta, Ga., October 15, 1930.

"February 15, 1931. We promise to pay to the order of The Dairy Products Company, Atlanta, Georgia, One Hundred and 00/100 Dollars. At the office of Anniston National Bank, Anniston, Alabama. For value received with interest after maturity until paid at eight per cent. Per annum, with all costs of collection, including ten per cent., as Attorney's fees, if collected by law or through an attorney at law. Each of us, whether principal, security, guarantor, endorser, or other party hereto, hereby severally waives and renounces each for himself and family, and any all homestead or exemptions rights.

Either of us or the family of either of us, may have under or by virtue the constitution or laws of Georgia, or any other State or the United States, as against this debt or any renewal thereof; and also we, jointly and severally, transfer assign and convey to the owner of this note a sufficient amount of my or our homestead and exemption to pay this note in full, principal and interest, attorney's fees and costs, and I or we hereby request and direct the Trustee to deliver to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt; and each further waives demand, protest and notice of demand, protest and non-payment. Given under the hand and seal of each party.

"The Dixie Ice Cream Company   [Seal.]
"Per J. W. Mallory, Pt.
"(Stamped in red)

"(Written on back of note)
"(Signed in ink) J. W. Mallory Benj. R. Sawyer.
"(Written in pencil) "No attention.

Pay any Bank or Banker All prior Endorsements Guaranteed The Citizens & Southern National Bank. Feb. 9, 1931. Atlanta, Georgia E. T. Johnson, Cashier Report by No. 5894 (Stamped across above) Endorsement Erased."

The plaintiff offered these five notes in evidence in support of the various counts of the complaint to which they were applicable. Defendants objected on several grounds, the objections were sustained and the cause was submitted and judgment rendered for plaintiff on the two notes bearing specific indorsement. Motion was made by plaintiff for a new trial on the specific grounds that the court erred in sustaining defendants' objections to the five notes indorsed in blank. The court granted the motion, setting out his reasons therefor in the following opinion:

"The Dairy Products Co. v. Dixie Ice Cream Co., et al.

"In the Circuit Court of Calhoun County, Alabama.

"Suit was filed by the Dairy Products Company against the Dixie Ice Cream Company, J. W. Mallory and Ben R. Sawyer, claiming on seven promissory notes of $100.00 each. The Dixie Ice Cream Company, by J. W. Mallory as President, signed as principal on each of said notes, and the defendants J. W. Mallory and Ben R. Sawyer signed as endorsers. Two of the notes, over the signatures of the endorsers, contained, among other stipulations, the following: 'For value received, each endorser of this note, without being released from any liability as endorser hereon, hereby guarantees the payment hereof at ma-

turity and waives demand, notice, protest, presentment, notice of non-payment, etc.' The other five notes contain no such condition on the back of said notes. In fact, the said five notes were endorsed in blank. The said five notes contain in the body of the instrument, among other stipulations, the following, 'Each of us, whether principal, surety, guarantor, endorser or other party hereto * * * each further waives demand, protest and notice of demand, protest of nonpayment.'

"On the trial of the case the court gave the affirmative charge in favor of the plaintiff on the two notes containing a waiver on the back and gave the affirmative charge in favor of the defendants, Mallory and Ben R. Sawyer, as to the five notes upon the back of which there was no waiver.

"The questions here presented are: In the absence of any evidence or notice of presentment, protest and dishonor on the part of the endorsers, are they liable on these notes?

"The notes were made payable at the Anniston National Bank, Anniston, Alabama, and were delivered to said bank for collection. Formal notice was sent by the bank to the Dixie Ice Cream Company of the due date of each note a few days before it was due. The notes were not paid and were not formally protested.

" 'Presentment for payment is made at the proper place: (1) Where a place of payment is specified in the instrument and it is there presented.' Code, § 9099. Calkins v. Vaughan, 217 Ala. 56, 114 So. 570.

" 'Where the instrument is payable at a bank presentment for payment must be made during banking hours unless the person to make payment has no funds there to meet it at any time during the day, in which case presentment at any hour before the bank is closed on that day is sufficient.' Code, § 9101; Calkins v. Vaughan, supra.

" 'A waiver of presentment, etc., in the body of the note is of the obligation of an endorser unless the waiver is expressed differently stipulates.' Little v. People's Bank of Mobile, 209 Ala. 620, 96 So. 763.

■ "The above authorities, in the opinion of the court, hold that presentment for payment was made when the notes in question were delivered to the Anniston National Bank, Anniston, Alabama, the place specified in the instrument.

■ "Was there a waiver of notice of dishonor? 'Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice and the waiver may be express or implied. Where the waiver is embodied in the instrument itself it is binding upon all parties; * * * but where it is written above the signature of an endorser it binds him

only.' Code, § 9131; Shows v. Jackson, Supt. of Banks, 215 Ala. 256, 110 So. 273.

"In the Shows Case the court said: 'The negotiable instruments act further say that notice of dishonor may be waived and that where waived in the instrument it is binding upon all parties. This specific provision as to binding the endorser by implication will not be extended beyond its term, and evidences a legislative intent that such be the limitation.'

"The court held in the Shows Case, supra, that provision on the face of note whereby all parties, including endorser, waived venue, were not binding on endorsers, signed on back of note and did not specifically waive venue. There can be no question, however, that Code § 9131 dispenses with specific waiver of dishonor.

■ "There remains the question of waiver or protest. The court is of the opinion there was no necessity for protest to bind the endorsers on these notes, the notes not being foreign bills.

" 'Where a foreign bill appearing on its face to be such is dishonored by non-acceptance, it must be duly protested for non-acceptance, Etc.,' Code, § 9171.

■ "However, granting the necessity for protest, the following authority is conclusive on this point.

" 'Protest is dispensed with by any circumstances which would dispense with notice of dishonor, etc.' Code, § 9178.

"The statute, Code, § 9131, dispenses with notice of dishonor, making it binding on all parties to the instrument, if as in the case at Bar a waiver was embodied in the instrument, itself. It follows, therefore, that protest, if necessary, was also dispensed with. The court is now of the opinion that there was error in refusing to give the affirmative charge in favor of the plaintiff and against the defendant, J. W. Mallory and Ben R. Sawyer as to the five notes in question.

"It is therefore, ordered and decreed that the motion for a new trial be granted. Defendants, Ben R. Sawyer and J. W. Mallory, except to the ruling of the court in granting a new trial.

"This the 27th day of May, 1932.

"R. B. Carr, Judge."

It seems clear to us that the trial court has reached the correct conclusion as is expressed in the opinion of the learned trial judge.

■■ As this cause must be tried again we express the opinion that the indorsement carries with it a guaranty of payment as to attorneys' fees as is provided in the note, and we hold also that the attorneys' fees could be claimed in the same count of the complaint claiming the amount due on the note. Higgins v. Merchants' & Planters' Bank, 217 Ala. 644, 117 So. 27.

We find no error in granting the motion for a new trial and the judgment is affirmed.

Affirmed.