153 So. 745

## KELLEY v. WOODLEY.

### 6 Div. 496.

Supreme Court of Alabama.
March 29, 1934.

Davis & Curtis, of Jasper, for appellant.

R. A. Cooner, of Jasper, for appellee.

Brief did not reach the Reporter.

FOSTER, Justice.

■ The purpose of the bill, as we interpret it, is to fix a claim upon three bales of cotton, or its proceeds, purchased by respondent from the tenant of complainant, and grown by him in the year 1930 on complainant's land. Complainant claims a lien on the cotton and its proceeds in the possession of respondent for advances made the tenant under section 8799, Code. The rent for that year was paid. Those advances consisted of money loaned by another either to the tenant with complainant as surety, according to complainant's version, or direct to complainant according to the contention of respondent. But under the statute it is immaterial whether it was the one or the other, if the tenant received it for the purposes enumerated in the statute.

The evidence is satisfactory to us as it was to the trial judge that the money was received by the tenant for such purposes. Complainant undoubtedly became liable for the borrowed money, and thereby became vested as landlord with a lien on the crops grown on the rented land that year; though it has not all been repaid to the lender, who has his remedies which are beside the issue here.

■ It is contended that the bill is not one to enforce a claim in the nature of a trust, because no such right is declared to exist, though equity has jurisdiction when that is its purpose. Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357; Patton v. Darden, 227 Ala. 129, 148 So. 806.

But the bill alleges the facts which bring such a trust into being, and prays for a decree for the amount of it. It is not necessary to use the word "trust," but to allege the facts which create a trust, and pray for the appropriate relief. The bill here does that, and thereby invokes a distinct equitable right and remedy, though it may also be subject to an action at law. The respondent purchased the cotton in October, 1930. He had such notice as to prevent him from being an innocent purchaser.

■ It is claimed that, since this bill was filed in November, 1931, therefore more than a year after defendant converted the cotton the suit is barred by limitations or laches, and is analogous to an action on the case for the destruction of the lien, which is barred in one year. Section 8949, Code. But the action for money had and received is more analogous. Price v. Pickett, 21 Ala. 741; Westmoreland v. Foster, 60 Ala. 448, 455. The statute of six years applies to it. Code 1923 § 8944. Mutual B. & L. Ass'n v. Watson, 226 Ala. 526, 147 So. 817.

■ When a statute of limitations applies to a suit at law, such statute is given effect when the remedy is pursued in equity for the same purpose. Section 6522, Code; Courson v. Tollison, 226 Ala. 530, 147 So. 635.

We think this is an equitable remedy to recover for money had and received after the cotton has been disposed of by the purchaser, and exists, when the facts are as shown here, concurrently with an action at law for the same purpose, and that the limitation as to both remedies is six years.

We concur in the findings and decree of the trial court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.