183 So. 646

### JACKSON et al. v. SAMPLE et al.
### 8 Div. 908.

Supreme Court of Alabama.
Oct. 6, 1938.

E. W. Godbey, of Decatur, and J. G. Rankin, of Athens, for appellants.

· Eyster & Eyster and Harris & Harris, all of Decatur, for appellees.

FOSTER, Justice.

This case· was here on former appeal. 234 Ala. 75, 173 So. 510.

Upon the trial on remand, the pleas in abatement were amended. Plea 1 in abatement, as amended, was held to be good, and on a trial of it, there was a verdict for defendant. Demurrer to plea 2 was sustained.

The question on this appeal is to be determined by the sufficiency of plea 1 as thus amended. The substance of the amendment, so far as here material, is to the effect that when the note, which is made payable on demand was executed, the payees agreed with the defendants in connection with a sale of all the stock of the Hartselle Motor Company as the consideration of the note, "that they would make no demand on the defendants for the payment of said note until the profits of the Hartselle Motor Company were sufficient to pay said note, (and that said agreement) was breached in that the Hartselle Motor Company has not made any profits and the demand has been made by the plaintiffs by the bringing of this suit." The ruling that the demurrer to this plea be overruled brings up the same principle considered on former appeal.

We there pointed out the apparent confusion in our cases on the subject, and

that the case of Jefferson County Savings Bank v. Compton, 192 Ala. 16, 68 So. 261, asserted a doctrine too broad in its general terms. Moreover, it was dictum. We also showed that in several cases we have held that such collateral agreement must not change the material features of the note, but that the condition on which a note is payable, which may be shown by parol, must relate in essence to its consideration or its value in some aspect whether so expressed.

 But we held on former appeal that a note payable on demand has a well defined definite meaning as to its maturity. A demand is not necessary as the authorities cited show to make the note due. It is due at once. A covenant not to make demand until a contingency occurs is an attempt to change the stipulated date of maturity; and would be somewhat the same principle as an agreement fixing some definite time in the future for maturity, different from that as stipulated in the note. Such an agreement changes the tenor of the note by changing the date of its maturity. Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733.

This plea goes only to the question of whether the suit was begun before the note was due. It was not so begun according to its terms, which cannot be changed in that respect by a contemporaneous parol agreement. We do not wish to intimate that the collateral agreement set up in the plea in abatement is such as to be available in bar to the complaint.

On the former appeal we did not undertake to distinguish the case of Rice v. Gilbreath, 119 Ala. 424, 24 So. 421, on the one hand, from Mid-Continent Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Jefferson County Savings Bank v. Compton, supra, on the other. But upon a more careful study of those cases, there appears what is perhaps a controlling difference. In the former (Rice v. Gilbreath, supra) a sale was made of a right to sell a patented churn, with a side agreement that the note payable definitely and unconditionally should not be paid unless the profits of the maker arising from such sales were sufficient for that purpose. There was no covenant as to the value of the property sold as the consideration of the note. But a guarantee as to the results of the efforts of the maker of the note. Whereas in Mid-Continent Ins. Co. v. Beasley, supra,

and Jefferson County Savings Bank v. Compton, supra, the purchaser purchased a share in the seller's business, not all of it. A covenant that such share would earn certain dividends was an obligation assumed by the seller adding present value to what was sold as a consideration of the note. Such an agreement is not extraordinary. 14 Corpus Juris 689, note 6. To that extent it adds stability to the value of the stock sold.

In the present case, it is alleged that the consideration is the sale of all the stock in the Hartselle Motor Company. A covenant that the purchaser would by his management earn enough out of the operation of the business to pay the note, is distinguishable from those cases, but not so from Rice v. Gilbreath, supra. It has no just relation to the present value of what is sold. It obligates the seller to do nothing to maintain its value nor to add to it, nor to be responsible for the conduct of one other than the purchaser himself. It merely postpones payment to an indefinite time dependent upon a contingency which is not controlled by the value of the thing sold nor any conduct or omission on the part of the seller, with respect to it nor the manner of its payment.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.