188 So. 251

### SPRAGINS et al. v. McCALEB et al.

#### 8 Div. 957.

Supreme Court of Alabama.

April 13, 1939.

Application for Rehearing Withdrawn
May 9, 1939.

Watts & White, of Huntsville, and Rushton & Rushton, of Montgomery, for appellants.

Taylor & Taylor and Lanier, Price & Shaver, all of Huntsville, for appellees.

FOSTER, Justice.

This is a suit in equity for contribution as it is there called by one indorser against others jointly bound by irregular indorsement on a note given by a corporation, in which all the indorsers were interested. It has the anomalous condition of being payable to one of the indorsers who loaned the money to the maker which was a corporation, of which he was president, on a note signed by the corporation acting by him as president and indorsed by him individually and by eleven others interested in the corporation. The note is payable "on demand after date," and "with interest at eight per cent. per annum from date." It also recites: "The drawers and indorsers of this note severally waive presentment, notice of non-payment and protest, and agree to pay a reasonable attorneys' fee if not paid at maturity and this note is place in the hands of an attorney for collection."

The attestation clause is: "Witness our hands and seals." And it is signed:

"Farmers Cotton Oil & Fertilizer Co.
(Seal.)
by "(Robt. E. Spragins, President)
"(W. P. Monroe, Manager)."
(Seal.)

Indorsed on the back are twelve names, including that of Robert E. Spragins and the respondents in this suit.

The question argued as that of controlling importance is the statute of limitations. Two theories are advanced material to that question. One is that since the note is payable on demand after date with interest from date, a demand is necessary to mature the date in so far as the indorsers are concerned. That a demand was not made in such time as that the claim against the indorsers was barred when the suit was begun, whether the contract of indorsement is under seal or not. The second theory is that though the indorsements do not

have the indicia of a seal and though there is no expression in their contract of indorsement that it is intended to be under seal, it is so by virtue of the seal declared to exist in respect to the maker and the word "seal" which follows the name of the maker as such on the note became theirs by adoption.

A note payable on demand is due immediately, and no demand is necessary for it to be so, in so far as the maker is concerned. Esslinger v. Spragins, 236 Ala. 508, 183 So. 401; Jackson v. Sample, 236 Ala. 486, 183 So. 646; Id., 234 Ala. 75, 173 So. 510, and cases cited; 10 Corpus Juris 744. The fact that it is "on demand after date" does not cause a change of meaning in that respect, Webber v. Webber, 146 Mich. 31, 109 N.W. 50; O'Neil v. Magner, 81 Cal. 631, 22 P. 876, 15 Am.St.Rep. 88; Fenno v. Gay, 146 Mass. 118, 15 N.E. 87, and it is not thus affected because it bears interest from date. 44 A.L.R. 399, 400.

But a limitation on that principle is held in Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, 44 A.L.R. 393; Spiro v. Shapleigh Hardware Co., 153 Miss. 81, 118 So. 429. In that case stress is laid on an intention derived from the expression in the note that the interest at six per cent. per annum from date is payable semiannually, and also in the same note that the interest is "at the rate of 6 per cent. per annum from maturity until paid." Both clauses appearing in the same note. That opinion concedes that without something to indicate a contrary intent a note payable on demand is due at once without demand. But in accord with authorities cited, holds that "where a speedy demand, or notice to pay, would manifestly violate the intent and purpose of the contract, or where delay in making demand was contemplated by the contract, actual demand was necessary to mature the note."

But the intent and purpose cannot be ascertained by a contemporaneous parol agreement (Jackson v. Sample, supra), nor otherwise except pursuant to the principles by which a written contract may be interpreted. Pointer v. Farmers' Fertilizer Co., 230 Ala. 87, 160 So. 252; Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409; Home Ins. Co. v. Mercantile Trust Co., 219 Mo.App. 645, 284 S.W. 834; Gafford v. Tittle, 224 Ala. 605, 141 So. 653.

And in a later case in Mississippi the court had before it a note payable "on Demand After date," and "with interest at 8 percent, after date until paid," and held that it was distinguishable from that of Shapleigh Hardware Co. v. Spiro, supra, in the essentials which produced the ruling there made, and that such a note was due and payable on the day following the date of its execution. Finger · Mercantile Co. v. Adair, 159 Miss. 303, 131 So. 875, 17 R.C.L. 769, section 136. See Hodgson v. Keppel, 211 Iowa 795, 232 N.W. 725; Hodges' Adm'r v. Asher, 224 Ky. 431, 6 S.W.2d 451.

But it has been held that as against an indorser of a note no right of action accrues until demand is made, and that the statute of limitations begins to run as to him from demand. Parker v. Stroud, 98 N.Y. 379, 50 Am.Rep. 685; 37 Corpus Juris 848, section 203(5).

Counsel also cite section 9097, Code, that when an instrument is payable on demand presentment must be made within a reasonable time after its issue, and they call for its interpretation as here applicable. But presentment for payment is not necessary to charge the person primarily liable, but it is necessary to charge indorsers. Section 9096, Code. Likewise notice of dishonor or non-payment must be given to each indorser. Section 9114, Code.

But the indorsers may waive such notice, and where it "is embodied in the instrument itself, it is binding upon all parties." Section 9131, Code. This includes indorsers, though such waiver does not appear over their signatures. Little v. Peoples' Bank of Mobile, 209 Ala. 620, 96 So. 763; Mallory v. Dairy Products Co., 25 Ala.App. 442, 148 So. 864, certiorari denied, 227 Ala. 53, 148 So. page 866; 10 Corpus Juris Secundum, Bills and Notes, § 430, page 957. By such waiver "the indorser becomes unconditionally liable for the debt evidenced by the instrument." Little v. Peoples' Bank, supra (209 Ala. page 624, 96 So. page 767); Carothers v. Callahan, 207 Ala. 611, 93 So. 569; Hamill v. McCalla, 228 Ala. 281, 153 So. 412; Guttery v. Kilgore, 233 Ala. 514, 172 So. 627; Continental Bank & Trust Co. v. Bouterie, La.App., 169 So. 812.

So that by such waiver, the contract of indorsement becomes a suretyship, —11 Corpus Juris Secundum, Bills and Notes, page 291, § 739(69),—and such an indorser is absolutely required by the terms of the instrument to pay the same, and is therefore primarily liable on it within the meaning of section 9210, Code. See 8 Corpus Juris 73, 74, note 90; Rouse v. Wooten,

140 N.C. 557, 53 S.E. 430, 111 Am.St.Rep. 875, 6 Ann.Cas. 280.

■ Presentment is not necessary therefore to charge either the maker or a surety, for both are primarily bound to pay the same. Sections 9096 and 9210, Code. O'-Neal v. Peaden, 228 Ala. 21, 151 So. 877.

■ For like reason it is not necessary to make demand to mature the instrument as to such an indorser. He has waived presentment for all purposes, as a condition both to his liability and to the maturity of the note.

■ So that the statute of limitations in so far as these indorsers are concerned is governed by the same rule as to the date of maturity of the note and the time when it begins to run as that which applies to the maker. This has been so directly held in decisions of the courts of other states. Savings Bank of New Britain v. Weed, 121 Conn. 414, 185 A. 571; Peoples Trust Co. v. O'Neil, 273 N.Y. 312, 7 N.E.2d 244, 245.

Appellants contend that the indorsements are contracts in writing under seal, and therefore that the limitation as to them is ten years under section 8943, Code, and not six years under section 8944, Code. The theory is that the indorsements partake of the same nature of a contract as that of the maker; that an instrument is under seal as to all its parties if so as to some; that when it is so declared and effective as to some that status is transplanted into the contract of all who sign it though as to some it does not so expressly declare.

We have considered somewhat analogous questions in this State, holding that a waiver of exemptions in the face of the note is not binding on one indorsing it on the back. Shows v. Jackson, 215 Ala. 256, 110 So. 273. This is on the theory that an "indorsement is a separate and independent contract" whose features are prescribed by law. Scarbrough v. City National Bank, 157 Ala. 577, 48 So. 62, 63, 131 Am.St.Rep. 71.

Whether a provision in a note for attorneys' fee is. applicable to an indorsement is somewhat confusing in other jurisdictions,—8 Corpus Juris 1098; 11 Corpus Juris Secundum, Bills and Notes, 277, § 726,—though it seems to be so treated in this State. People's Bank of Mobile v. Moore, 201 Ala. 411, 78 So. 789; Mallory v. Dairy Products Co., 25 Ala.App. 442, 148 So. 864, certiorari denied 227 Ala. 53, 148 So. 866; Pointer v. Farmers' Fertilizer Co., 230 Ala. 87, 160 So. 252.

■ While an irregular indorsement is: a contract by virtue of the same instrument as that of the maker,—sections 9089 and 9090, Code; 10 Corpus Juris Secundum, Bills and Notes, 467, § 39,—it is an independent contract from that of the maker and is governed by its own peculiar incidents. The indorsement is his contract whatever may be. its effect. The obligations of the note become his if at all by virtue of the legal effect of his indorsement. The seal is his only if he so provides by the terms or effect of his indorsement.

We would not say that if the terms of the note provide that the seal is that of the indorser it may not be so treated. But the note does not here so provide.

The question has had careful consideration by the courts of other states. It does. not seem to have been before this Court previously.

In Georgia a distinction is made holding that when an indorsement by its terms is no more than a suretyship or guaranty, it is not an adoption of the seal applicable to the maker, when such indorsement itself is not under seal. Thompson v. Bank of Buckhead, 45 Ga.App. 94, 163 S.E. 255. But it has also been held in that state that a "technical" indorsement of a sealed instrument, although the signature of indorsement is not under seal, is itself a. contract under seal as affected by the statute of limitations. Baldwin Fertilizer Co. v. Carmichael, 116 Ga. 762, 42 S.E. 1002. But in Hamby v. Crisp, 48 Ga.App. 418, 172 S.E. 842, that court held that when one signs a note as an accommodation indorser, his status being that of surety, the signature of such indorser must have a. seal, and the language of the face of the instrument expressly so indicate to make his indorsement one under seal. It refuses. to apply its rule respecting what it calls a "technical indorser" to an accommodation indorser.

A case directly in point here is Fourth National Bank v. Wilson, 88 Fla. 48, 101 So. 29: Under circumstances such as we have in the instant suit, that court held that the indorsement is not under seal. The question in that case as in this was with respect to the statute of limitations. To the same effect are Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, 39 So. 61, and Andrews v. Simms, 33 Ark. 771.— See 37 Corpus Juris 752, section 79, note 76.

We think that the cases are well reasoned which hold that unless an indorsement is itself separately under seal, it is not a contract under seal simply because that of the maker is so, particularly when the recitals of the note do not declare otherwise. So that to the extent that such result is here controlling, it is contrary to the right of appellant.

This suit was begun in equity more than six years after maturity of the notes, and nothing is alleged to have been done within that time to remove the bar or to start anew its operation so as to avoid its present effect. Section 8964, Code.

So, is the rule different because it was begun in equity? Appellant designates this as a proceeding in equity to secure contribution by an indorser jointly and severally liable with other indorsers to himself as payee of the note, on the theory that his rights as payee were extinguished by his liability to himself as indorser, and therefore he is in the attitude of an indorser who extinguished the obligation at the time of its maturity which is also the date of its execution.

We would not wish to say that equity would not work out such a remedy for him as he here contends on the doctrine of contribution. Dunn v. Wade, 23 Mo. 207; 8 Corpus Juris 291(81); 11 Corpus Juris Secundum, Bills and Notes, 343, § 756; Blumberg v. Speilberger, 209 Ala. 278, 96 So. 191. Contribution is primarily of equitable origin, but available at law on the doctrine of an implied promise. 13 Amer.Jur. 62; 13 Corpus Juris 832; 6 R.C.L. 1059. But courts of equity still exercise jurisdiction. Washington v. Norwood, 128 Ala. 383, 30 So. 405; Couch v. Terry's Adm'rs, 12 Ala. 225.

Generally speaking the limitation applicable to a claim for contribution is that fixed for an implied contract. 13 Corpus Juris 833, section 27; 13 Amer.Jur. 75, section 84. But it is said that the payment by a surety before maturity was an equitable assignment of the mortgage so paid and gave a right of action on it for a proportionate part of the obligation at the time of maturity. And that the statute then began to run. Truss v. Miller, 116 Ala. 494, 506, 22 So. 863; Section 9544, Code, provides for such an assignment. Compare 13 Amer.Jur. 76, section 87; Washington v. Norwood, 128 Ala. 383, 30 So. 405; Drummond v. Drummond, 232 Ala. 401, 168 So. 428; section 9566, Code.

The courts do not seem to be fully in accord as to whether the limitation on a proceeding either at law or in equity should be governed by the rule applicable to an implied contract when their relation was created by a written contract or by that applicable to the written contract. 13 Amer.Jur. 75, 76, sections 84, 85, 86 and 87.

But we need not here be concerned with that question, since the limitation of a suit on an implied contract is the same as that on a written contract not under seal. Mutual Building & Loan Ass'n v. Watson, 226 Ala. 526, 147 So. 817; Kelley v. Woodley, 228 Ala. 401, 153 So. 745; Section 8944, Code.

Whether the suit is one by virtue of the statutory assignment of the note, akin to an equitable assignment (section 9544, Code) or one by virtue of the equitable principle of contribution would probably be material on that question.

The same limitation applies whether the suit is at law or in equity (not now considering the principle of laches in equity), when the same right is available in both courts. Kelley v. Woodley, supra; Sections 6522, 8955, Code. There may be collateral relief relating to real estate which would extend the limit to ten years. Drummond v. Drummond, supra.

It is not contended by appellants that this judgment should be reversed if we have correctly declared and interpreted the foregoing principles.

Such being our views, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.