Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit upon a note bearing date 11th of March, 1839, commenced the 13th of August, 1847. The defence relied on, was the statute of limitations of six years. The circumstances which are urged to take the case out of the statute, are the indorsements of two small credits upon the note in 1842 and 1843; and an order drawn by the defendant below in favor of the plaintiff, also in 1843. This order does not acknowledge any indebtedness upon its face, but only requests the payment of a particular fund to the plaintiff.
There was proof that the order was in the handwriting of the defendant; but the weight of the evidence was rather against the supposition, that the credits upon the back of the note were in his handwriting. The jury found a verdict for the plaintiff. No instructions were asked or given, but upon the refusal of the court to grant a new trial, the case is brought to this court.
It has been decided by this court, that in order to take a case out of the statute of limitations, there must be an express acknowledgment of the debt, as a debt due at the time, or an express promise to pay it, within the time prescribed by the statute. Davidson v. Morris, 5 S. & M. 571.
A partial payment upon a note is, by the English law, regarded as a fact, from which an acknowledgment or new promise may be inferred. Angelí on Lim. 261. This doctrine has been followed by many of the courts in this country. Ib. 263, note. But a much more loose construction of statutes was formerly indulged, than seems now to be thought allowable. It is not the province of courts to engraft exceptions upon statutes, or to impair their practical utility by the introduction of refinements. We have thought it our duty to follow the terms of our statutes, and to adhere closely to their provisions.
We are not, therefore, inclined to hold, that a partial payment of a note takes a case out of the statute, unless accompanied by an express acknowledgment of a farther indebtedness, or by an express promise to pay.
There is no connection shown to exist between the order in this case, and the note sued on. The latter was due one day *666 after date, and was barred by the statute. It therefore became incumbent upon the plaintiff to establish the facts, which might take it out of its influence. There is nothing to show that he did. The finding was therefore contrary to the law.
The judgment will be reversed, and cause remanded for a new trial to be had according to the law here laid down. '<
Judgment reversed.