E. S. BUTTS *v.* VICKSBURG AND MERIDIAN R. R. CO.

LIMITATION OF ACTIONS. *Notes issued as currency by railroad company. Acts of 1861 and 1862. Demand. Section 2690, Code of 1880, construed.*

The Southern Railroad Company was authorized by acts of the legislature passed in 1861 and 1862, to issue its promissory notes to circulate as money. (Acts of 1861 and 1862, pp. 78 and 211.) By the terms of the statutes, and by their own terms, the notes issued under said acts were made payable on demand at a fixed place, and could not be reissued as currency after one year after the close of the then existing war. *Held,* that the statute of limitations began to run against such notes from the date they ceased to be reissuable as currency, without any demand for payment. And this rule is not changed by the provision in our several codes which declares that the statute of limitations shall not apply to notes, bills, or other evidences of debt issued by any bank or other moneyed corporation.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action of assumpsit brought by E. S. Butts against the Vicksburg and Meridian Railroad Company, formerly the Southern Railroad Company, to recover on certain promissory notes, a type of which is as follows:

" Authorized by act of the legislature. ·

" Redeemable at their office in Vicksburg in current bank and *Confederate* notes.

" *The Southern Railroad Company* promise to pay on demand five dollars.

" VICKSBURG, MISSISSIPPI, January 27th, 1862.

" W. G. BRYON, *Secretary.*    WM. C. SMEDES, *President.*

" Receivable in payment of freight and passage by all railroads in the State, and for all debts due the Southern Railroad Company."

These notes were issued under authority of an act of the legislature, approved December 20, 1861, entitled an act " to authorize railroad companies in this State to issue notes, to be circulated as money," and under a supplemental act, approved January 22,

1862. By the second section of the first-named act the Southern Railroad Company was authorized to issue notes of the character and denomination named to an amount not exceeding fifty thousand dollars, and the same to reissue until one year after the close of the then existing war between the States. These notes, by the terms of the act, as well as by their own terms, were payable on demand at the office of the company in Vicksburg. In the issuance of the notes all the requirements of the law were met.

This suit was instituted on these notes in 1885. The war between the States closed on the 2d of April, 1866, as announced by the President's proclamation, and the notes by the terms of the law were not reissuable one year thereafter. No demand for payment was made till August, 1884. The defendant pleaded the six years statute of limitations, and the court below held this plea good on demurrer. The plaintiff appealed.

*McCabe & Anderson,* for the appellant.

1. The notes being payable " on demand," the statute did not begin to run against them until demand was made, and demand having not been made until just prior to the commencement of this suit, the notes are *not* barred.

2. Having been made payable at a *particular place,* the statute did not commence to run until demand for payment was made at the place, and demand having not been made at the *place fixed* until just before the commencement of this suit, the notes are *not* barred.

3. Said notes have all the peculiarities and traits of bank notes and are governed by the same rules of law, and it is well settled that statutes of limitation do *not apply* to bank notes.

4. They were issued by a money corporation within the sense and meaning of article 27, p. 402, Revised Code, 1857 ; § 2171, Code of 1871, and § 2690 of the Code of 1880, and none of the provisions of the statute of limitation *apply* to them.

*Nugent & McWillie,* for the appellee.

On and after April 1, 1867, it became *unlawful to reissue* any of the notes put out by the companies under the act of December 20, 1861. There was, thus, the legislative mandate that they should

be retired or redeemed. They could be paid and received for freight and thus got out of the way, or they could be redeemed and paid when presented, according to the exigency of the act. These notes must be held to have been reissued *for the last time just prior to April,* 1865; and, taking this as the true date at which to fix the rights and liabilities of the parties, there can be very little trouble in disposing of the case on the plea of the statute of limitations. The holders of the notes had a right of action against the company on the first day of April, 1867, as their cause of action were demand notes. They were demandable then and payable then; they could not thereafter be issued or circulated as money. The statute of limitations begins to run from the very day the right of action accrues, and the notes being payable on demand after, and, indeed, on *the first day of April,* 1867, one year after the war, the period of limitation must begin to run from that day. Payment might have been immediately demanded then, or suit brought without any previous demand. *Wheeler* v. *Warner,* 47 N. Y. 519; *Herrick* v. *Woolverton,* 41 N. Y. 581; *Little* v. *Blunt,* 9 Pick. 488; *Hill* v. *Henry,* 17 Ohio 9; *Norton* v. *Ellam,* 2 M. & W. 461; 3 Parsons Con. 91, 92; 2 Danl. Negotiable Instruments 1215.

We have no doubt that, in contemplation of the statute, these railroad notes were intended to circulate as money during and until one year after the war, and be reissued by the companies from time to time as received and paid into the treasuries of the companies until the termination of the war, but it is perfectly manifest that they were not intended to be circulated at all after one year following the war for any purpose. Thereafter they could not lawfully circulate as currency, and if taken in by the railroad corporations they could only be cancelled. They had, therefore, no distinctive character from other contracts which excepted them from the operation of the statute of limitations. 2 Danl. Neg. Ins., §§ 1670, 1671, and 1684, citing *Kimbro* v. *Bank of Fulton,* 49 Ga. 419.

ARNOLD, J., delivered the opinion of the court.

His honor, the circuit judge, found that appellant's cause of action was barred by the statute of limitations, and his judgment is approved. By the terms of the statutes under which the notes sued on were issued, they could not be reissued or circulated as money after one year from the close of the war then existing. Acts of 1861 and 1862, pp. 78, 211.

While the general rule is that statutes of limitation do not apply to bank bills, because they are by the consent of mankind and course of business considered as money, and that their date is no evidence of the time when they were issued, as they are being continually returned and reissued by the banks, yet if such bills have ceased to circulate as currency and have ceased to be taken in and reissued by the banks, they no longer have that distinctive character from other contracts which excepts them from the operation of the statutes of limitation. 2 Danl. on Neg. Ins., § 1684; *Kimbro* v. *Bank of Fulton*, 49 Ga. 419.

This rule is not changed by the provisions of the several Codes of 1857, 1871, and 1880, which declare that the statute of limitations shall not apply to notes, bills, or evidences of debt issued by any bank or moneyed corporation.

The notes in question are payable on demand at the office of the railroad company in Vicksburg.

Suit may be brought on an ordinary bill or note payable on demand generally, on the day of its date or immediately, without demand being previously made, and consequently the statute of limitations would begin to run against such an instrument from that date. 2 Danl. on Neg. Ins., § 1215; Ang. on Lim., § 95.

And the principle is the same when the note or bill is payable on demand at a particular place. Failure to make demand in such case would be matter of defense, and if it were pleaded and shown that the defendant was ready to pay at the time and place specified and the money were brought into court, he would be discharged from interest and cost. 1 Danl. on Neg. Ins., §§ 643, 646, 647; *Montgomery* v. *Elliott*, 6 Ala. 701; *Haxton* v. *Bishop*, 3 Wend. 13; *Washington* v. *Planters' Bank*, 1 How. 230; *Cook* v. *Martin*, 5 S. & M. 379.

On account of their nature as money, and the provisions of the statutes to which reference has been made, the notes in controversy became subject to the statute of limitations, not from their date, but from the time they ceased to be reissuable and to circulate as money, one year after the close of the war, to wit: on the second day of April, 1867, and they were barred when suit was brought on them in 1885.

*Affirmed.*