SHAPLEIGH HARDWARE Co. *v.* SPIRO.*

(Division B. Nov. 16, 1925. Suggestion of Error Overruled Dec. 14, 1925.)

[106 So. 209.   No. 25166.]

1. BILLS AND NOTES. *Limitation of actions. Demand note providing for interest held not to mature and set statute running till demand.*

Note payable on demand after date, and providing for interest from date, payable semiannually, and for annual interest from maturity till paid, requires demand to mature it and set the statute running.

2. CONTRACTS. *If reasonable, all provisions given effect.*
   In construing written contract court will, if reasonable, give all its provisions effect, and strike down none as meaningless.

3. EVIDENCE. *No parol evidence of meaning of unambiguous note.*
   There being no real ambiguity in note, parol evidence to show what it means is inadmissible.

4. APPEAL AND ERROR. *Case remanded on reversal for development of issue erroneously held immaterial.*
   Where the court erroneously held that the demand note sued on matured at date, and that therefore action was barred, and excluded plaintiff's evidence to show demand, from which maturity dated, case will be remanded for development of that issue.

---

*Headnotes 1. Bills and Notes, 8 C. J., Section 602; Limitations of Actions, 37 C. J., Section 200; When statute of limitations commences to run against note payable on demand, see 17 R. C. L., p. 769; 5 R. C. L. Supp., p. 958; 2. Contracts, 13 C. J., Section 486; Construction of contract, see 6 R. C. L., pp. 837 et seq.; 4 R. C. L. Supp., p. 444; 5 R. C. L. Supp., p. 372; 3. Evidence, 22 C. J., Section 1570; 4. Appeal and Error, 4 C. J., Section 3241.

APPEAL from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Action by the Shapleigh Hardware Company against Jonas Spiro. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Neville & Stone,* for appellant.

I.   The sole question in this case is whether or not the six-year statute of limitations began to run at the date of the note sued on. If it did, then the case should be affirmed. We contend that the statute of limitations did not begin to run until demand was made on the makers of the note. If we are correct, then the case should be reversed.

We concede that the statute of limitations begins to run from the date of a note payable on demand, which contains no stipulation as to the payment of interest where the surrounding circumstances do not show that

the parties contemplated that an actual demand would be made at some future date. Our contention is that the general rule does not apply to this case. *Butts* v. *V. & M. Railroad Co.,* 63 Miss. 465. As stated above we concede this to be the general rule. A great many courts realizing that this general rule is in conflict with the express language of the makers of such a note and realizing the injustice of the general rule, have refused to extend it to cases where the note contains provisions which indicate that it was within the contemplation of the parties that an actual demand would be made at some future date. *Brown* v. *Brown,* 11 N. W. 64.

The provisions of the note sued on in this case, which to our minds clearly indicate that it was within the contemplation of the parties that a demand would be made before suit could be brought and that such demand would not be made immediately, are the clear indications that the date of the note and the maturity of the note were not the same. See *Merritt* v. *Todd,* 23 N. Y. 28, 80 A. D. 243; *Yates* v. *Goodwin,* 96 Me. 90, 51 Atl. 804. After stating the general rule to the effect that the statute of limitations begins on a demand not at its date, Judge FREEMAN in his note, 28 A. D. at 468, says: "But if the tenor of the instrument is such as to indicate a clear intention to that effect, no action will lie thereon until after an actual demand and refusal, and the statute of limitations does not begin to run until then." See also *Daugherty* v. *Wheeler,* 25 N. E. 543; *Scovil* v. *Scovil,* 45 Barbour 517.

II. *Admissibility of parol testimony to prove the surroundings of the parties at the time of the execution of the note sued on.* The purpose of the testimony offered in this case was not to add to, vary or contradict the legal effect of the terms of the note sued on. The purpose of the testimony was that the note might be interpreted in the light of the surroundings of the parties at the time of its execution. *Atlinson* v. *Sinnott,* 67 Miss.

510; 10 R. C. L., sec. 212, page 1019; 22 C. J., sec. 1530, page 1144; *Cook* v. *Pomeroy,* 32 Atl. 935; *Daugherty* v. *Wheeler,* 25 N. E. 542.

We do not ask this court to overrule the case of *Butts* v. *V. & M. R. R. Co., supra,* but we do most earnestly submit that the "strange and anomalous" doctrine announced in that case should not be applied to a case where the written instrument contains provisions which indicate that it was the intention of the parties that an actual demand should be made before the makers were in default, and that such demand would not be made immediately upon the execution of the note. The appellee is asking this court to extend this "strange and anomalous" and unjust rule.

The construction we contend for is in harmony with the construction of the parties, as shown by the facts in the case. The makers paid five installments of interest on the note, and no demand was made until after the insolvency of the Spiro Hardware Co. In conclusion see *Clinch Valley Coal & Iron Co.* v. *Willing,* 180 Pa. State, 165, 57 A. S. R. 627.

*Jacobson & Brooks,* for appellee.

The suit brought on this note was filed on March 29, 1921, seven years and two days after the date and execution of the note. Two questions are to be decided: (1) Whether or not the note is barred by the statute of limitations; that is, whether the note contemplated that a demand should have been made, and when said demand was made; and (2) whether or not parol evidence was admissible on the trial of the suit.

I. The note is payable on demand after date, with interest at the rate of six per cent per annum from date, payable semi-annually, and at the rate of six per cent per annum from maturity until paid. Notes payable "on demand" become due and payable from their date, in the absence of any statute to the contrary, and, consequently,

the statute begins to run thereon from that date. 1 Woods on Limitations (4 Ed.), sec. 124, page 723; 2 Danl. on Neg. Ins., sec. 1215; Ang. on Lim., sec. 95; *Butts* v. *V. & M. R. R. Co.,* 63 Miss. 465; 3 R. C. L., sec. 432, page 1211. We contend under these authorities that the note became due upon its date, March 27, 1914, and the statute of limitations began to run from that date; and, also, that the evidence of the provisions in said note as to payment of interest does not make the paper none the less payable on demand. 8 C. J., sec. 509, pages 404 and 405; *Lee* v. *Bascom,* 11 Pac. 74; *DeRaismes,* v. *DeRaismes,* 56 At. 170; *Shuman* v. *Citizens State Bank of Rugby* (N. D.), 147 N. W. 388; *Feno* v. *Gay* (Mass.), 15 N. E. 87; *Sullivan* v. *Ellis,* 209 Fed. 694; 2 Joyce, Defense to Commercial Paper (2 Ed.), sec. 1007; *Turner* v. *Iron Chief Mining Co.,* 17 Am. St. Rep. 168; *Wheeler* v. *Warner,* 47 N. Y. 519, 7 Am. Rep. 478.

. The note in question was sued upon, but is none the less a note payable on demand, because it had the words, "on demand after date," and also the words, "interest at the rate of six per cent per annum," and at the rate of "six per cent per annum from maturity until paid," and it is our contention that the rule laid down in the case of *Butts* v. *V. & M. R. R. Co.,* 63 Miss. 463, *supra,* and the authorities cited is not contrary to the contentions in this case, and should govern in an action upon the note in question.

Counsel for appellant states he concedes this to be the general rule, but he argues that in this case the general rule is in conflict with the express language of the makers of the note in question. Let it be remembered, however, that this is a suit instituted by the payee of the note against one of the makers. It is not a suit against any indorser, but against appellee, Spiro, one of the makers of the note, and when we look into the authorities cited by counsel for appellant, we find that his authorities are not applicable. See *Yates* v. *Goodwin,* 96 Me. 90, 51 Atl. 804; 3 R. C. L., sec. 446, page 1223. The

general rule applicable to a case of this kind is that the note in question was due on the date of its execution, and, therefore, the statute of limitations began to run from March 27, 1914; and at the time the suit was brought, March 29, 1921, more than six years had elapsed; therefore, the statute of limitations applied.

II.  *Parol evidence was not admissible to vary, add to, or contradict the legal effect of the written instrument sued on.*  All the testimony attempted to be introduced was inadmissible, for the reason that it violates the rule prohibiting parol testimony to be introduced to vary, contradict, add to, or change the plain terms of a written instrument.  1 Joyce on Defenses to Commercial Paper (2 Ed.), sec. 516, page 705; *Cocke* v. *Blackbourn,* 58 Miss. 539; *Baum* v. *Lynn,* 72 Miss. 932; *Thompson* v. *Bryant,* 75 Miss. 12; *Howard* v. *Tomicich,* 81 Miss. 703; *Hightower* v. *Henry,* 85 Miss. 476; *English* v. *N. O. & N. E. R. R. Co.,* 100 Miss. 575; *N. O. & N. E. R. R. Co.* v. *Lott,* 118 Miss. 57; *O'Keefe et al.* v. *McLemore,* 125 Miss. 394; *McPherson et al.* v. *Richards et al.,* 134 Miss. 282.

It is our contention that the testimony which was attempted to be introduced changed the time of payment from that expressed in writing in the note sued upon, and was a vain attempt to vary, and change the terms in the written instrument, which is prohibited by law, and the trial court did not err in excluding all of said evidence.  The note sued upon is unambiguous.  It is a demand note, and the legal effect thereof is, that it became due upon the execution thereof, and the maturity of same ran from the date of the note.  Therefore, the court did not err in sustaining the objections of the appellee to the introduction of the depositions.

Argued orally by *Geo. B. Neville,* for appellant, and *Gabe Jacobson,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellant, Shapleigh Hardware Company, brought this action in the circuit court of Lauderdale county against appellee, Jonas Spiro, on a promissory note for ten thousand dollars with interest, signed by appellee and others, executed March 27, 1914, and due "on demand after date." There was a trial, and at the conclusion of appellant's evidence, on motion of appellee, the evidence was excluded and a verdict directed in appellee's favor, from which judgment appellant prosecutes this appeal.

The action was brought at the September, 1921, term of the court, and was begun more than six years after the date of the note sued on. Appellee pleaded, and the trial court held, that the note was barred by the statute of limitations of six years, and therefore appellant was not entitled to recover. The holding of the trial court was based on the theory that the note, being payable on demand, matured at once, and the statute of limitations, therefore, was set in motion from its date; that the statute began to run from its date, and not from the date demand for payment was made.

A printed form was used in the execution of the note. It will probably be an aid to the solution of this question to first set out the blank printed form used for the execution of the note and follow that with a copy of the completed note after the blanks were filled out:

Printed Form.

$————.                      St. Louis, Mo., ————.
———— after date ———— promise to pay to the order of ——:——, ———— dollars, for value received at ——:——, with interest at the rate of ———— per cent. per annum from ————, payable ————, and at the rate of eight per cent. per annum from maturity until paid.

——————————
——————————

Due ————.

Completed Note.

$10,000.00        Birmingham, Ala., March 27, 1914.

On demand after date we promise to pay to the order of Shapleigh Hdw. Co. ten thousand and no/100 dollars, for value received, at this office in St. Louis, with interest at the rate of six per cent. per annum from date, payable semiannually, and at the rate of six per cent. per annum from maturity until paid.

> J. W. BEASLEY.
> W. M. EWING, JR.
> SAMUELS N. BONNELL.
> G. R. GILBERT.
> JONAS SPIRO.

Due ――――.

This court held in *Butts* v. *V. & M. R. Co.*, 63 Miss. 462, that suit could be brought on an ordinary bill, or note, payable on demand, "on the date of its date or immediately," without demand having been previously made, and that, consequently, the statute of limitations began to run against such an instrument from its date. The holding of our court in that case appears to be in accord with the authorities elsewhere. The reason generally assigned by the courts for so holding is that the commencement of suit is a sufficient demand. The supreme court of Minnesota, in the case of *Brown* v. *Brown*, 28 Minn. 501, 11 N. W. 64, in discussing this question, said, among other things:

"It must be confessed that the idea that the commencement of a suit to enforce a debt should of itself work its maturity is strange and anomalous. The law usually requires the breach of a contract to precede the bringing of an action to enforce it."

Judge FREEMAN, in his notes to *Wenman* v. *Mohawk Ins. Co.*, 28 Am. Dec. 464 (note on this subject, 468), after stating the general rule that the statute begins to run on a demand note from its date, says further:

"But if the tenor of the instrument is such as to indicate a clear intention to that effect, no action will lie thereon until after an actual demand and refusal, and

the statute of limitations does not begin to run until then.''

*Merritt* v. *Todd,* 23 N. Y. 28, 80 Am. Dec. 243, involved a note payable on demand, with interest. The court held that, in view of the provision for interest, the parties contemplated that actual demand for payment be made to mature the note. The court recognized the general rule, which it did not disturb in its opinion, that a mere demand note was matured at its date without actual demand, but held that the provision in the note for interest took it out of the general rule; that by the provision for interest the parties contemplated and intended that actual demand for payment should be made in order to mature the note. To the same effect is *Yates* v. *Goodwin,* 96 Me. 90, 51 A. 804. This case involved a demand note bearing interest. The court gave, among other reasons for its holding:

''It can hardly be supposed that this money was hired with the expectation on the part of any one concerned, that the payment of the note was to be immediately demanded or made, or, indeed, within any short period. We think, on the contrary, that the note given for a loan was intended to be a continuing security, an investment of a more or less permanent character.''

In that case the general rule was recognized and left by the court in its opinion unmodified. The supreme court of Indiana, in the case of *Daugherty* v. *Wheeler,* 125 Ind. 421, 25 N. E. 543, recognizing the general rule, held, however, that, where a speedy demand, or notice to pay, would manifestly violate the intent and purpose of the contract, or where delay in making demand was contemplated by the contract, actual demand was necessary to mature the note. This view is supported also by *Scovil* v. *Scovil,* 45 Barb. (N. Y.) 517.

The general rule that a simple demand note is matured at the date of its execution without actual demand for payment has been so long and so well established by our court as well as most of the other courts in this country

that we are unwilling to disturb it.  However, it is subject to the just criticism that it makes the provision that the instrument shall be payable on demand mean the opposite of what the language indicates.

Does the note here come within the general rule and the reasons upon which it is founded?  We think not. To so hold would not only make the clause in the note "on demand after date we promise to pay" meaningless, but, in addition, the stipulation in the note providing for interest would also be meaningless.  That reads, "with interest at the rate of six per cent. *per annum from date, payable semiannually,* and at the rate of six per cent. per annum *from maturity* until paid."  (Italics ours.)  It will be observed that the first clause provides for interest at the rate of six per cent. from date, payable semiannually.  That provision is plain, and means simply what it says; that from March 27, 1914, the date of the note, it was to bear interest at six per cent. per annum, payable semiannually.  The second clause provides for interest at the rate of six per cent. per annum from maturity until paid.  That means, of course, that the interest was payable annually instead of semi-annually.  Now, if appellant is right in its contention that the note was matured as soon as it was executed, then one or the other of those clauses is meaningless and must go down; they cannot stand together.  Certainly the note could not bear interest at the rate of six per cent. per annum from date, payable semiannually, and also at the same rate, payable annually, unless the parties intended to violate the law by providing for the usurious interest of twelve per cent., one-half payable semiannually and one-half annually.  There is nothing in the note, however, to indicate that that was the purpose of the parties.

It will be noticed that on the blank printed form on which the note was executed, in its first clause providing for interest there was a blank left for the rate of interest to be inserted, while in the second clause the "rate eight per cent. per annum" was printed.  In filling out the

note, six per cent. was inserted in the blank in the first clause, and six per cent. was written over the printed word "eight" in the second clause, indicating that the filling out of the interest stipulation was not a mere formality in the preparation of the note; that the parties intended that the note should bear six per cent. interest from date, payable semiannually, and six per cent. interest from maturity, payable annually. It should be kept in mind that interest payable semiannually is of more value than interest payable annually at the same rate.

In construing a written contract the court will, if reasonable, give all of its provisions effect—none of them will be stricken down as meaningless. The instrument will be looked at as a whole in order to ascertain the intent and purpose of the parties. The parties will be presumed to have advisedly and deliberately used the language of the writing to convey their meaning.

Viewing the contract as a whole, we are of opinion that the terms "on demand after date," "from date," "from maturity," and "semiannually," were used advisedly by the parties, and that they intended thereby to convey the meaning that it was necessary, in order to mature the note, that actual demand be made by the payee; and, until that was done, that the note should bear interest at the rate of six per cent. per annum, payable semiannually, and that after actual demand, or maturity, it should bear interest at the same rate, payable annually. This construction makes the instrument mean what it says. Appellee's construction makes it mean what it does not say. It not only makes the words "on demand" meaningless, but one or the other interest clauses of the note as well. We therefore hold that the provisions of this note takes it out of the general rule declared by our court in the Butts case that a simple demand note is matured at date.

It follows from these views that on another trial parol testimony will be inadmissible to show what the note means. There is no real ambiguity in its provisions. It

requires no explanation.  Parol evidence, however, will
be admissible on another trial on the question as to
whether demand of payment was made by the payee, and,
if so, on what date.

These views mean that the judgment of the court below
must be reversed.  But, in view of the fact that the trial
court ruled out all of appellant's evidence, part of which
was for the purpose of establishing the fact that actual
demand for payment of the note was made, as well as the
date of such demand, we are of opinion that the case
should be reversed and remanded, and that final judg-
ment should not be entered here.  As to whether actual
demand was made for the payment of the note, and, if
so, whether within six years of the bringing of the action
in this case, are facts that were not heard by the trial
court.  Appellant's evidence was offered and ruled out.
Appellee offered none.  Both parties should have an op-
portunity to be heard on those issues.

*Reversed and remanded.*