S. S. FINGER MERCANTILE CO. v. ADAIR.

(Division B. Jan. 12, 1931.)

[131 So. 875. No. 29132.]

**Fred B. Smith,** of Ripley, for appellant.

**B. N. Knox,** of New Albany, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On the 25th day of October, 1920, L. D. Adair executed a note payable to S. S. Finger Mercantile Company, reading as follows:

"$70.00                    Ripley, Miss., Oct. 25, 1920.

"On demand after date I, we, or either of us promise to pay to the order of S. S. Finger Merc., Co., or bearer seventy dollars for value received with interest at eight per cent, after date until paid. The drawers and endorsers severally waive presentation for payment, protest and notice of protest and nonpayment of this note. If not paid when due and is placed in the hands of an attorney it is agreed that ten per cent additional on amount due will be paid as attorney's fee.

"[Signed] L. D. ADAIR."

Suit was brought on the note on the 19th day of June, 1929, before a justice of the peace. In the justice court judgment was rendered for the defendant, and there was an appeal to the circuit court, where the Statute of Limitations (Code 1930, section 2292), was pleaded, and where the plaintiff sought to show by witness that no demand had been made for the payment of the note until within six years prior to the bringing of the suit. The

trial judge excluded this evidence, holding that the note became due the day after date, and that it was barred by the statute of limitations.

The appellant appeals, and insists that the present note is controlled by the decision in the case of Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, 210, 44 A. L. R. 393; and that the present note required an actual demand before it became due and payable and before suit could be brought thereon. The general rule is that a note payable on demand is due at once, and that suit may be brought thereon immediately after execution without any actual demand. This general rule was recognized by this court in Shapleigh Hardware Co. v. Spiro, supra. In dealing with the question, the court in its opinion said: ''Does the note here come within the general rule and the reasons upon which it is founded? We think not. To so hold would not only make the clause in the note 'on demand after date we promise to pay' meaningless, but, in addition, the stipulation in the note providing for interest would also be meaningless. That reads, 'with interest at the rate of six per cent per annum from date payable semiannually, and at the rate of six per cent per annum from maturity until paid.' It will be observed that the first clause provides for interest at the rate of six per cent from date, payable semiannually. That provision is plain, and means simply what it says; that from March 27, 1914, the date of the note, it was to bear interest at six per cent per annum, payable semiannually. The second clause provides for interest at the rate of six per cent per annum from maturity until paid. That means, of course, that the interest was payable annually instead of semiannually. Now, if appellant is right in its contention that the note was matured as soon as it was executed, then one or the other of those clauses is meaningless and must go down; they cannot stand together. Certainly the note could not bear interest at the rate of six per cent per annum from date,

payable semiannually, and also at the same rate, payable annually, unless the parties intended to violate the law by providing for the usurious interest of twelve per cent, one-half payable semiannually and one-half annually. There is nothing in the note, however, to indicate that that was the purpose of the parties."

The clause referred to in this quotation in the note in that suit were the leading and controlling considerations for holding that an actual demand must be made or was contemplated in that suit. That conclusion was also strengthened by the circumstances surrounding the execution of the note by Spiro. In the present case there is no such conflicting clause evidencing a purpose to have actual demand made to mature the note. "On demand after date" clearly would make the note payable the day following the execution of the note. Suit could have been brought thereon the day following its execution, and such suit could not have been defeated by showing a failure to make an actual demand. The note bore interest from date at a given rate. There is no double clause evidencing a desire or intention on the part of the parties to have one rate of interest from date to maturity and another one after maturity.

We think the circuit judge was correct in his rulings, and the judgment must be affirmed.

Affirmed.