BELHAVEN COLLEGE, et al. *v.* DOWNING, et ux.

Jan. 26, 1953

No. 38484          17 Adv. S. 1          62 So. 2d 372

*Hardy Lott,* for appellants.

*Bell & McBee,* for appellees.

*Hardy Lott,* in rejoinder for appellant.

McGehee, C. J.

This suit was originally filed on February 2, 1949, by the Bank of Clarksdale as Executor of the Estate of Miss Lula W. Cooper, deceased, and the cause of action was thereafter assigned one-third each to Belhaven College at Jackson, Old Ladies Home Association at Jackson and Southwestern at Memphis, Tennessee, on August 30, 1949, being after the suit was filed but before the trial thereof.

The suit is on a promissory note executed and delivered by M. G. Downing and his wife, Ara E. Downing, bearing date of December 5, 1929, payable "On demand after date" to Miss Lula W. Cooper or bearer, in the principal sum of $3,500 "with interest at the rate of six per cent. per annum after date until paid, with reasonable attorney's fee for collection if not paid when due."

A plea of the six-year Statute of Limitation, Section 722, Code of 1942, was interposed in the answer of the defendants to both the original and amended declarations; and this plea was sustained on the face of the declaration and the exhibits thereto and the suit was dismissed upon the failure of the substituted plaintiffs to plead further. It is from that final judgment that this appeal is prosecuted, and it is conceded in the briefs for both sides that ''The sole question involved herein is whether or not appellants cause of action is barred upon the face of the amended declaration and exhibits thereto. The note sued on was dated December 5, 1929, and payable on demand''; and it is further conceded that ''This suit was instituted on February 2, 1949.''

It is to be further conceded that under the former decisions of this Court, and under the general rule prevailing elsewhere, the promissory note sued on, if considered separate and apart from a deed of trust and an agreement as to the time and manner of payment of the indebtedness, both duly signed by the makers of the note and delivered along therewith to the payee on the date of its execution, would be barred by the six-year statute of limitation, as shown on the face thereof, even though no demand for payment had been made until shortly prior to the bringing of the suit.

It may also be conceded that the deed of trust executed by the makers of the note on the said 5th day of December 1929, when considered along with the note alone, and without regard to the written agreement of the same date which accompanied the note and deed of trust, does not render inapplicable the said statute of limitation on the note, as having begun to run on the date of the execution thereof.

It is also true that if the written agreement signed by the makers of the note and deed of trust and delivered along therewith to the payee and kept in her possession until her death nearly eighteen years thereafter as a part

of the understanding of the parties as to the manner in which the note was to be paid, if considered separate and apart from the remainder of the transaction, would not prevent the statute of limitation from having barred the collection of the note, for the reason that the payments of $125 per month on the note, as provided for therein, are now all barred by the said statute, on the face of such agreement.

However, the written agreement above referred to must be considered along with the note and deed of trust in determining whether or not it was contemplated by the parties in December 1929, that a demand for payment would be necessary in order to start the running of the statute of limitation on the note. In that connection, it is to be noted that this written agreement, after providing for the payment of the sum of $125 on the first day of each month after the execution of the note contains the following stipulations:

"Out of the said sum of $125.00 paid monthly as aforesaid, the party of the second part shall pay to The Lamar Life Insurance Company the monthly installment under its said deed of trust of Fifty-eight Dollars and Five Cents ($58.05), which said installment falls due on the 14th day of each month. The balance of the said $125.00 is to be applied by the party of the second part upon the note of $3500.00 executed by the parties of the first part in favor of the party of the second part. In event the full indebtedness to The Lamar Life Insurance Company should be paid off before the said indebtedness to the party of the second part, the said full monthly payment of $125.00 each shall be applied upon the said indebtedness to the party of the second part.

"And it is further agreed that as long as these payments of $125.00 each month are made promptly as provided herein, the party of the second part will not demand payment in full of the note of $3500.00, payable to her, but same shall be retired and liquidated by the monthly

payments of $125.00, or such part thereof as may be applied thereon as above provided. In event of any default by the parties of the first part in any of the provisions herein contained, the party of the second part may declare all of her indebtedness at once due and payable upon giving the parties of the first part ten days written notice thereof.''

Thus, it will be clearly seen that it was not contemplated by the parties that the payment of the $3,500 note could have been legally demanded on the next day after the execution thereof; and that it was contemplated by the second paragraph of the foregoing quoted stipulations that ten days written notice was required in order for the payee to declare the whole indebtedness due upon default in the payment of either of the monthly installments. In other words, the case comes within the well-recognized exception to the general rule in regard to a note ''payable on demand after date'' being due on the next day or at any time thereafter without demand being first made therefor.

We are of the opinion that under the rule announced in the case of Shapleigh Hdw. Company v. Spiro, 141 Miss. 38, 106 So. 209, although involving a different factual situation, an actual demand for the payment of the note here sued on was necessary to commence the running of the statute of limitation; that such was within the contemplation of the parties, as shown by the amended declaration and these three exhibits thereto.

The Court, in the case of Shapleigh Hdw. Company v. Spiro, supra, recognized the general rule as to a demand note when it said that: ''The general rule that a simple demand note is matured at the date of its execution without actual demand for payment has been so long and so well established by our court as well as most of the other courts in this country that we are unwilling to disturb it. However, it is subject to the just criticism that it makes the provision that the instrument shall be payable

on demand mean the opposite of what the language indicates."

In the instant case, the appellee, M. G. Downing, died pending this appeal, and his co-appellee caused the suit to be revived as to him in her name as executrix of the estate, and the appellees relied upon the general rule as to a note payable "on demand after date", as applied by this Court in the case of S. S. Finger Mercantile Company v. Adair, 159 Miss. 303, 131 So. 875, and in other cases in this jurisdiction and elsewhere. The authorities thus relied on would be controlling if the plaintiffs had exhibited to their declaration only the promissory note for $3,500 sued on in this case, but we are of the opinion, as hereinbefore stated, that when the note, deed of trust and written agreement, all bearing the same date and delivered to the payee at the same time that the note was delivered, when considered together, bring the case within the exception to the general rule in that they show that a demand for payment was contemplated before a suit could be maintained thereon and before the beneficiary in the deed of trust was entitled to have the real estate and other property described in the deed of trust sold for the satisfaction of the note in question.

We therefore conclude that the trial court was in error in sustaining the plea of the statute of limitation contained in the answer of the defendants and dismissing the suit, and that therefore the cause must be reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

*Roberds, Kyle, Holmes* and *Arrington, JJ.*, concur.