190 So.2d 857 (1966)
UNITED STATES FIDELITY & GUARANTY COMPANY
v.
W. Guy KREBS, Jr.
No. 44069.
Supreme Court of Mississippi.
October 10, 1966.
*858 Sherman Muths, Jr., Gulfport, for appellant.
Wiesenburg, McLeod, Oswald & Lockard, Pascagoula, for appellee.
BRADY, Justice.
Appellant instituted suit in the County Court of Jackson County on March 8, 1965, to recover the unpaid balance of $9,245.25 on a demand promissory note executed by appellee on March 2, 1955. Appellee concedes in his answer to making partial payments on the note from August 30, 1955, through May 22, 1961, in the total amount of $1,205. Appellee's main defense is that the appellant is barred by the statute of limitations under Mississippi Code Annotated section 722 (1956). In the county court where the action was begun, appellee's plea in bar was sustained and the case dismissed. *859 On appeal to the Circuit Court of Jackson County, the judgment of the county court was affirmed. Hence, this appeal here. The briefs clearly present the issues involved.
The necessary facts will be detailed along with three basic questions which must be considered. The first question is: Is the language of the promissory note in the case at bar sufficiently similar to that of the note in Shapleigh Hardware Company v. Spiro, 141 Miss. 38, 106 So. 209, 44 A.L.R. 393 (1925) so as to bring it under the rule announced in that case? The pertinent language of the note involved in the case at bar is as follows:
 $6,600 00/xx March 2 $6,600 00/xx 1955
 On or before Demand , after date, I promise to pay United
 States Fidelity and Guaranty Company, or order, Six Thousand,
 six hundred and No/100 ______________ Dollars for value
 received, at Pascagoula, Miss. with interest from the date of
 rate of 4 per cent, per annum until paid and all costs of the
 collection, including attorney's fees if collected by law or
 through an attorney.
 And each of us * * * waives demand, protest and notice of
 demand, protest and non-payment.
Both parties to this cause urge that the Shapleigh case controls. The Shapleigh case is clearly distinguishable from the case at bar in that in the Shapleigh case the demand note provided as follows:
On demand after date we promise to pay to the order of Shapleigh Hdw. Co. ten thousand and no/100 dollars, for value received, at this office in St. Louis, with interest at the rate of six per cent. per annum from date, payable semiannually, and at the rate of 6 per cent. per annum from maturity until paid.
It is obvious that there are sharp differences between the note in the case at bar and the note in the Shapleigh case. Appellant concedes that there are variances, but maintains they are only minor ones and that the rule in the Shapleigh case is peculiarly applicable in the case at bar. In the Shapleigh case one clause in the note called for interest at the rate of six per cent per annum from date, payable semiannually. To the contrary, another clause provided for the payment of interest at the rate of six per cent per annum from maturity until paid. We held that the statute of limitations in the Shapleigh case did not commence to run against the note until an actual demand for payment had been made, for the reason that to hold otherwise would be tantamount to rendering one or the other of these two clauses meaningless. These two interest clauses could not stand together if limitations were deemed to commence running from the date of the note. Therefore, this Court held that under these conflicting interest provisions a demand was necessary in order to start the running of the statute of limitations. There is no merit in appellant's contention that because the note in the case at bar provides for "interest from date at the rate of 4 per cent, per annum until paid" it falls within the rule announced in the Shapleigh case, nor in the contention that the rule in the Shapleigh case has general application in Mississippi to vitiate the general rule. We expressly held to the contrary in the Shapleigh case.
The general rule is merely supplemented by the rule set forth in the Shapleigh case. We expressly pointed out in the Shapleigh case that the rule therein was not to be interpreted as altering the general rule that demand notes become *860 due and payable as of the date of execution, with no demand being necessary.
In Belhaven College v. Downing, 216 Miss. 299, 62 So.2d 372 (1953), we again pointed out that the presence of an interest clause in a demand promissory note does not per se take such note outside the operation of the general rule that such notes become due and payable as of the date of execution, no demand thereon being required. In that case we pointed out that an actual demand will be required to begin the running of the statute of limitations only where it is clear from the language of said note that the parties themselves intend for an actual demand to be made. In the Downing case the note and the deed of trust were executed simultaneously with a written agreement which provided that upon default of the monthly payments the payee could demand payment of the remainder due upon ten days' written notice to the makers. We held substantially that such an agreement would be construed along with the note as postponing the due date of the note until after the written notice of the demand had been given. Again, the Downing case is predicated upon the same reasoning as the Shapleigh case; that is, in both cases the Court held that an actual demand was necessary in order to begin the running of the statute because of the obvious intent of the parties. In neither the Shapleigh nor the Downing case is there any language to indicate that the mere presence of an interest clause in a demand note will of itself require that demand be made. We hold, therefore, that the statute of limitations set forth in Mississippi Code Annotated section 722 (1956) began running on the promissory note in question on March 2, 1955, the date of its execution, unaffected by any interest clause contained therein. Butts v. Vicksburg & Meridian R.R., 63 Miss. 462 (1886).
The second question presented is: Was a partial payment in the sum of $500 made by appellee to the United States Fidelity & Guaranty Company on March 30, 1959, together with a letter from appellee to the United States Fidelity & Guaranty Company explaining certain tax difficulties, a sufficient acknowledgment of appellee's indebtedness and the creating of a new promise to pay the balance so as to remove this indebtedness from the operation of the statute of limitations? The essential facts for resolving this issue are as follows: On February 12, 1959, appellee wrote an official of the appellant a letter which appellant now contends is not only a sufficient acknowledgment of the indebtedness but also constitutes a new promise to pay the balance thereof and therefore removes the indebtedness from the operation of the statute of limitations. The letter from the appellee discussed certain difficulties which appellee was experiencing with the Internal Revenue Service concerning back taxes. The pertinent part of the letter urged by appellant as controlling is as follows:
I would propose for the time being, to make a payment of $500.00 on this account, until such time as more definite information can be obtained with regards to the refunds. While I realize the matter has been going on for quite some time, you must know that any claim for taxes will have to be definitely proven and the case presented in a clear, concise manner, which I have tried to do.
Several weeks subsequent, on March 30, the appellant received a check in the sum of $500 signed by appellee.
The general rule regarding partial payments as factors tolling the statute of limitations is shown in 54 C.J.S. Limitations of Actions § 321 (1948), as follows:
As a general rule, sometimes by reason of express statutory provision, a part payment on a debt or obligation may be sufficient to interrupt or toll the statute of limitations. The principle or theory on which part payment removes the bar of the statute is that the payment is an acknowledgment or admission of the *861 existence of the indebtedness, which raises an implied promise to pay the balance, or that the payment, by its own vigor, revives the debt, no matter how old the debt may be. The efficacy of a payment to avert the effect of the statute resides in the conscious and voluntary act of the debtor, and may be qualified and limited as a new promise may be.
However, it is further provided in said section:
On the other hand, under some statutes which contain no express provision whereby an inference of acknowledgment or promise may be raised, and where an express promise or acknowledgment is required, and in some jurisdictions where the statute requires a written promise or acknowledgment, part payment is not available to remove the bar of the statute. 54 C.J.S. Limitations of Actions § 321 (1948).
The rule in Mississippi is that a partial payment does not take a case out of the operation of the running of the statute of limitations unless such partial payment is accompanied by (1) an express acknowledgment of a further indebtedness, and (2) an express promise to pay.
In the early case of Smith v. Westmoreland, 20 Miss. 663, 665 (1849), we held:
We are not, therefore, inclined to hold, that a partial payment of a note takes a case out of the statute, unless accompanied by an express acknowledgment of a further indebtedness, or by an express promise to pay.
This rule was reaffirmed in McCullough v. Henderson, 24 Miss. 92 (1852), and Anderson v. Robertson, 24 Miss. 389 (1852).
In Trustees of Canton Female Academy v. Gilman, 55 Miss. 148 (1877), we pointed out that a written acknowledgment of an indebtedness is not sufficient to take such indebtedness out of the statute of limitations where such an acknowledgment is vague and indefinite. We stated that in order for an acknowledgment to bar the statute of limitations it was imperative to state when the balance was due, to whom the balance was due, and for what the balance was due. We held that to permit these essentials to be proved by parol evidence would produce the very evils which the statute requiring an acknowledgment or promise in writing was intended to prevent.
In Fletcher v. Gillan, 62 Miss. 8 (1884) this Court held that in order for the contention to be maintained that an acknowledgment of a debt removes it from the operation of the statute of limitations it was necessary that there be both a specification of the debt referred to and a promise to pay a fixed amount in order to support a new promise.
This rule is reaffirmed in Philp v. Hicks, 112 Miss. 581, 589, 73 So. 610, 612 (1916), in which case we said as follows:
The courts of the several states have adopted different rules of construction for their statutes of limitation, but our court has uniformly held that, in order to remove the bar of the statute, the acknowledgment of the debt and the promise to pay must be definite and unequivocal.
It is true that in Mississippi we have held in numerous cases that the debt itself need not be identified if it is evidenced by a written instrument from which the remaining amount to be paid can be ascertained by calculation. Taylor v. De Soto Lumber Co., 137 Miss. 829, 102 So. 260, 103 So. 82 (1924); Heflin v. Kinard, 67 Miss. 522, 7 So. 493 (1890).
In the case at bar, even though the indebtedness remaining to be paid was not expressly stated in appellee's letter to appellant, nevertheless, the amount remaining due can be ascertained by consideration of the promissory note itself. Despite this fact, we cannot hold that the letter of appellee *862 to the appellant expressly acknowledges a further indebtedness remaining nor a promise to pay such indebtedness because it is indefinite and vague and wholly fails to meet the requirements as laid down by this Court in the cases cited above. The letter is far from being definite and unequivocal in its terms but deals in generalities with the tax difficulties of the appellee rather than the obligation of the appellee to pay the indebtedness. Therefore, the lower court was correct in its determination that the letter in question did not constitute an acknowledgment of the indebtedness and a new promise to pay the remainder thereof.
The last question is whether or not the partial payment of $100 by appellee to appellant on May 22, 1961, was accompanied by a sufficient acknowledgment of further indebtedness and a new promise to pay so as to toll the statute of limitations. In this instance on May 22, 1961, the appellant received its last payment from appellee in the sum of $100. Mr. Holder, official of appellant, testified that this payment was made by appellee as a result of a telephone conversation between him and appellee several days prior thereto. Holder testified that appellee acknowledged the indebtedness over the telephone and promised to make a payment thereon and to attempt to continue to make installment payments in the future until the balance of the entire indebtedness evidenced by the note was canceled.
Appellant seriously urges that these facts constitute a sufficient acknowledgment of the indebtedness and a new promise to pay so as to toll the statute of limitations. We are not in accord with this contention and hold to the contrary. The citation of authorities in the disposition of this question is hardly necessary because Mississippi, like a majority of the other states, has a statute that requires that such acknowledgment be in writing in order to remove the indebtedness referred to from the operation of the statute of limitations. Mississippi Code Annotated section 748 (1956) provides, among other things, as follows:
In actions founded upon any contract, an acknowledgment or promise shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby * * *.
It is apparent to us that it was the intention of the Legislature, when enacting section 748, to require a written acknowledgment by a debtor in order to toll the statute of limitations in such cases, and for this Court to allow parol testimony as in the case at bar to establish such acknowledgments would do violence to the purpose of the statute. The telephonic statements by the debtor are insufficient to establish an acknowledgment of the indebtedness and a promise to make future payments thereon. For this reason the statute of limitations was not tolled and the debt is barred.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, INZER and ROBERTSON, JJ., concur.