MARION INSURANCE AGENCY, INC. et al., Appellants,

v.

FAHEY BANKING COMPANY, Appellee.

[Cite as *Marion Ins. Agency, Inc. v. Fahey Banking Co.* (1988), 61 Ohio App.3d 9.]

Court of Appeals of Ohio,
Marion County.

No. 9–86–31.

Decided Dec. 5, 1988.

*Paul L. Wallace,* for appellants.
*Ronald D. Cramer,* for appellee.

COLE, Judge.

This is an appeal by the plaintiff, Marion Insurance Agency, Inc., from a judgment of the Court of Common Pleas of Marion County granting the defendant's Civ.R. 12(C) motion on the pleadings.

In November 1979, the parties entered into a loan agreement for two loans in the amount of $15,000 and $13,000 with interest as specified in each note. The terms of the loans were that interest was due quarterly and the principal was due on demand.

In September 1984, the defendant, Fahey Banking Company ("bank") set off the balance of both loans with funds deposited in the plaintiff's checking account, thereby extinguishing the debts evidenced by these notes.

Thereafter the plaintiff brought suit claiming the bank was required to make a demand for payment of the principal before exercising its right to setoff.

The plaintiff also sought damages due to the return of checks for insufficient funds and loss of business, claiming the bank failed to exhaust the collateral before exercising its right to setoff.

The plaintiff made a motion for partial judgment on the pleadings and the defendant made a motion for judgment on the pleadings. The trial court found that the two promissory notes were demand instruments permitting the bank to exercise its right of setoff without declaring the notes in default or giving notice to the plaintiff.

It is from this judgment that the plaintiff now appeals, asserting two assignments of error. The first assignment of error is stated as follows:

"The court erred in granting the motion of defendant-appellee for judgment on the pleadings and in finding against plaintiffs-appellants' motion for judgment on the pleadings in finding defendant's demand instrument was enforceable without notice to plaintiffs-appellants."

From the face of these two notes it can be concluded that they are demand notes. The plaintiff admits in his brief that both notes state they are "due on demand."

Since the issue of whether these notes were demand instruments is not raised, a basic commercial paper question is presented.

In 4 Hawkland, Uniform Commercial Code Series (1984) 258–259, Section 3–122.03, it is stated:

"A cause of action against a maker or an acceptor of a demand instrument accrues upon its date or, if undated, upon the date of issue. * * * An action may be commenced immediately on the date of issue. A bank may therefore set off an obligation evidenced by a demand instrument even though no request for payment has been made to the maker or acceptor. Since there is no requirement that the holder make demand before commencing an action, the name 'demand' instrument is a misnomer."

In 72 Ohio Jurisprudence 3d (1987) 198, Negotiable Instruments, Section 672, it is stated:

"Although there was early authority in Ohio to the effect that the right of action on a demand instrument did not accrue until demand had been made, the rule in Ohio now as to negotiable instruments payable on demand is that

such instruments become due on delivery, at which time the statute of limitations begins to run, and if a note is payable on demand after the date of maturity, actual demand is not necessary before action may be commenced on it. Such note is construed to be due upon delivery, and the commencement of the suit is deemed to be sufficient demand; in other words, the payee may at once place it in action, which action is his demand."

Therefore, the case of *Shapleigh Hardware Co. v. Spiro* (1925), 141 Miss. 38, 106 So. 209, relied upon by the plaintiff, cannot be considered proper authority for this court to follow as the law in Ohio.

■ Under Ohio law, R.C. 1303.07 and 1303.21(A), and according to the Uniform Commercial Code, no demand or notice of default is required before a bank may take action on a demand note.

■ Since the bank had the authority to take action on the two notes it was proper for the bank to set off the notes with funds in the plaintiff's checking account.

In 9 Ohio Jurisprudence 3d (1979) 129, Banks, Section 180, it is stated:

"The right of a bank to apply a deposit to an indebtedness due from the depositor results from the right of setoff which obtains between persons occupying the relationship of debtor and creditor, and between whom there exist mutual demands. Mutuality is essential to the validity of the setoff, and in order that one demand may be set off against another, both must mutually exist between the same parties. * * * "

Here these conditions existed and therefore the trial court properly granted the bank's motion for judgment on the pleadings. The bank was not required to give the plaintiff notice. Since no notice was needed, the bank acted properly when it set off the deposited funds against the amount owing on the notes. Therefore, the first assignment of error is not well-taken.

The second assignment of error is stated as follows:

"The court erred in granting the motion of defendant-appellee for judgment on the pleadings and in finding against plaintiffs-appellants' motion for judgment on the pleadings in finding that no estoppel by oral modification of the note would lie against defendant-appellee."

The plaintiff asserts that the bank was estopped from enforcing the demand notes based on representations made to the plaintiffs by a bank employee. The plaintiff claims that a bank employee informed plaintiff not to pay the quarterly interest after the plaintiff notified the bank of an incorrect statement received concerning the interest payments.

It shall first be noted that the plaintiff never states in his brief or original complaint who informed him not to pay the quarterly interest or if this person was a bank representative who possessed such authority.

Although the bank may be estopped from claiming any delinquency of interest payments based on these representations it is not estopped to do that which it had an absolute right to do.

 The timely payment of interest was not a condition of these notes to prevent the bank from collecting on them. Unlike an installment loan, where timely payment prevents a bank from finding the loan in default and demanding full payment, a demand note is due from the date of issuance and nothing prevents the bank from receiving payment after such time or taking any action, such as a setoff.

In 71 Ohio Jurisprudence 3d (1986) 145–146, Negotiable Instruments, Section 112, it is stated:

" * * * The fact that a demand note bears interest does not make it any the less a demand note, although that fact may be considered in determining whether the parties anticipated an immediate demand. An instrument stated to be payable on demand is payable on demand where it is payable in installments, even including indefinite installments, and even where it contains an acceleration clause operative upon failure to make the prescribed payments and a provision permitting the holder to require additional collateral. * * * "

Therefore, the quarterly interest payments did not change the fact that these notes were demand instruments which gave the bank the right to collect payment at anytime. Under Ohio law, as we have set forth above, the anticipation of the parties is expressed in the term making the instrument a demand instrument. The bank's exercise of its right to set off the outstanding debt with funds on deposit in the plaintiff's checking account was one of the bank's legal remedies.

Thus, the trial court properly granted the defendant's motion for judgment on the pleadings since estoppel by representation would not alter the bank's legal right concerning these demand notes. The assignment of error is overruled.

*Judgment affirmed.*

MILLER and EVANS, JJ., concur.